Lake Erie and Western Railway Co. *v.* Lee *et al.*

No. 1,670.

## LAKE ERIE AND WESTERN RAILWAY CO. *v.* LEE ET AL.

EVIDENCE.—*Value of Land Intersected by Railroad, With and Without Farm Crossings.*—Evidence of the value of land with and without farm crossings, is admissible as a measure of damages in an action for damages against a railroad company, for failure to provide crossings, the right to which was reserved in the grant of the right of way.

RAILROAD.—*Agreement for Right of Way.—Farm Crossings.—Continuing Duty.*—An agreement by a railroad company to construct a farm crossing and maintain fences, contained in a grant of the right of way, which was accepted by the company, imposes a continuing duty on the company and its successors to construct the crossing and maintain its fences.

SAME.—*Obstructing Farm Crossing.—Damages.*—A railroad is liable to the owner of the land for obstructing a farm crossing, the right to which was reserved in the grant of the right of way, even though the place of such crossing, as mutually agreed upon, was over a public highway.

From the Delaware Circuit Court.

*Hackedorn & Cockrum, Gregory & Silverburg* and *Shirts & Kilbourne,* for appellant.

*Ryan & Thompson,* for appellees.

DAVIS, J.—In June, 1871, appellees executed a right of way deed to the Lafayette, Muncie and Bloomington Railroad Company, for the construction of a railroad through their farm, consisting of two adjoining tracts of land, in consideration that the company should fence the railroad, and that said appellees should have one crossing over and one under the railroad. It was then mutually agreed between the parties that the appellees should have the under-crossing at the point where the railroad crossed a highway on appellees' real estate.

The place was selected for the over-crossing, but it was never constructed. The fence was built by the railroad company, but it was not properly maintained by the appellant.

Appellant succeeded to the rights of the original company as shown in *Lake Erie, etc., R. W. Co.* v. *Griffin,* 107 Ind. 464, and at the same time came into possession of the right of way deed executed by appellees.

The appellant, in 1890, over objection of the appellees, filled and obstructed the highway under the railroad, which, up to that time, had been used by the appellees under the agreement before mentioned as the under-crossing provided from the right of way contract.

Many questions are properly presented by the record, which have been fully and ably argued by counsel. We have carefully read the entire lengthy record in the light of the exhaustive briefs of counsel, and in the view we take of the case, the decision of a few propositions disposes of all the questions sought to be raised.

The first question is whether under the circumstances the appellees can recover for the obstruction of a private passage-way, on their real estate, over and upon a public highway.

Counsel for appellant contend that the railroad company had no authority to grant the appellees a private way under its road dividing their farm, over and upon a public highway, and that the appellees did not acquire any rights by such an agreement.

The company, however, did have authority to agree, in consideration of the grant of the right of way, that the appellees should have a private way on their real estate, as provided in the deed, under the railroad, and the appellees with the consent of the company having elected to accept such right of way over and upon the public highway, the appellant is not in a position to say

that it could close up such way under the railroad, to appellees' damage, without incurring any liability to them on account of such act.    The parties having acted for many years on this construction of the contract, one of them cannot be allowed to repudiate it to the injury of the other without his consent.    In addition to having the possession of the right of way deed, and the fact that appellees were constantly using the way as such private crossing, it appears that the agents and employes of the appellant in charge of the work were advised as to the rights of the appellees therein before the under-crossing was obstructed, and, therefore, appellant is in no better position on this question than the original grantee in the right of way contract would have been had it closed the crossing.    *Toledo, etc., R. R. Co.* v. *Burgan*, 9 Ind. App. 604; *Midland R. W. Co.* v. *Fisher*, 125 Ind. 19 (8 L. R. A. 604); *Louisville, etc., R. W. Co.* v. *Power*, 119 Ind. 269; *Kincaid* v. *Indianapolis Nat'l Gas Co.*, 124 Ind. 577 (8 L. R. A. 602).

It is next insisted that, under the contract, the duty of constructing the over-crossing did not devolve upon the railroad company, and that it was not under any obligation to maintain the fence.

In our opinion, the railroad company was under obligations to construct the crossing and, also, to maintain the fence.    These duties were continuing duties under the agreement.    *Toledo, etc., R. R. Co.* v. *Burgan, supra.*

There was no error in permitting the appellees to prove what the land would have been worth with the crossings, and what it was worth without the crossings. *Louisville, etc., R. W. Co.* v. *Sparks*, 12 Ind. App. 410 ; *Louisville, etc., R. W. Co.* v. *Sumner*, 106 Ind. 55.

There was no error in permitting appellees to prove

the circumstances under which the right of way deed was executed, or the consideration upon which it rested. *Kentucky, etc., Bridge Co.* v. *Hall,* 125 Ind. 220; *Porter* v. *Waltz,* 108 Ind. 40; *Louisville, etc., R. W. Co.* v. *Power, supra.*

We find no reversible error in the record.

Judgment affirmed.

Filed November 19, 1895; petition for rehearing overruled February 11, 1896.

NOTE.—The authorities as to the liability of the grantee upon a condition in a deed poll are reviewed in a note to *Hickey* v. *Lake Shore and M. S. R. Co.* (Ohio), 23 L. R. A. 396.