# INDIANAPOLIS SOUTHERN RAILROAD COMPANY *v.* WYCOFF.

[No. 7,273.   Filed June 23, 1911.   Rehearing denied May 14, 1912.
Transfer denied July 5, 1912.]

1. EASEMENT.—*Contract Creating.—Necessity for Writing.—Statute of Frauds.*—An easement is an interest in land, within the meaning of the statute of frauds, and a contract creating such an interest must be in writing. p. 161.

2. RAILROADS.—*Private Crossing Connecting Lands Separated by Right of Way.—Contract.—Easement.—Statute of Frauds.*—The right of a landowner, across whose lands a right of way for railroad purposes has been acquired, to cross that portion of the land occupied for such right of way, is given by statute (§5444 Burns 1908, Acts 1899 p. 485) and exists in the absence of any contract on the subject, so that an agreement of a railroad company intended to provide such landowner with a convenient way by which such right may be exercised, does not create any easement or interest in the land conveyed for right of way purposes, and is not required by the statute of frauds to be in writing. p. 162.

3. EVIDENCE.—*Parol Evidence.—Consideration of Deed.*—Notwithstanding the rule that, in the absence of fraud or mistake, the terms of a written contract cannot be varied by parol evidence, the actual consideration of a deed may be shown by parol evidence, even though it differs from the consideration expressed in the instrument, and, where a deed conveying a right of way to a railroad company mentioned the consideration as a specified sum of money, and was silent as to any other consideration, parol evidence was admissible to show that a part of the consideration was an agreement of the railroad company to erect steps for the convenience of pedestrians in crossing the right of way. p. 163.

From Monroe Circuit Court; *James B. Wilson,* Judge.

Action by Andrew Wycoff against the Indianapolis Southern Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Ira C. Batman, Robert G. Miller, James W. Blair* and *James E. Kepperley,* for appellant.

*Henry A. Lee* and *Miers & Corr,* for appellee.

LAIRY, C. J.—Appellant railroad company instituted condemnation proceedings to acquire a right of way for its railroad across the farm of appellee. Appraisers were appointed, who filed a report, awarding damages in the sum of $850, to which award exceptions were filed by appellee. Appellant paid the amount of the award to the clerk of the court, took possession of the right of way, and constructed its road thereon, and in so doing it built a grade of considerable height just east of the house located on appellee's land. The orchard on appellee's farm was located east of the house, as was also a valuable spring, which had been used in connection with the residence on the farm, and this grade was located between the spring and the house, and so as to leave the larger part of the orchard east of such grade.

Before the case was tried on the exceptions a compromise was reached, by the terms of which appellee conveyed to appellant by deed the right of way across his farm, and appellant paid to appellee $650 in addition to the amount already paid into the clerk's office, making a total of $1,500. It is claimed by appellee that at the time the negotiations for the settlement were had, appellant agreed that, in consideration of the execution of the deed for the right of way, it would pay to him the sum of $1,500, and in addition thereto would construct and maintain stone or cement steps or approaches to its grade, immediately east of his residence, so as to enable pedestrians to pass over said grade in going between the house of appellant and the spring and orchard, which were located east of said grade.

This action was brought in the Monroe Circuit Court to recover damages on account of the failure of appellant to perform that part of the agreement relating to the construction of the steps. A trial was had, which resulted in a judgment in favor of appellee, from which judgment an appeal was taken to this court.

The complaint does not aver that the contract in reference to the building of the steps was in writing, and the

special finding of facts affirmatively shows that it rested in parol. The deed recites that the conveyance is made in consideration of $1,500, the receipt whereof is acknowledged, but it is silent as to any other or further consideration. In view of these facts, appellant takes the position that appellee is not entitled to recover for a failure of the railroad company to construct steps, as alleged in the complaint, even though it be conceded that such an agreement was made, as a part of the negotiations for settlement, which were consummated by the execution of the deed.

Several errors are assigned which present this question in different ways. The determination of this question will therefore be decisive of all questions presented by the assignment of errors, and a separate discussion of each is unnecessary.

Appellant contends that the alleged agreement for the construction of the steps leading up to the grade of appellant's tracks, on each side thereof, for the use of pedestrians, would, if enforced, constitute an easement across appellant's right of way. If appellant is correct in this contention, it must prevail in this appeal. It is well-settled law that an easement is an interest in land, within the meaning of the statute of frauds, and that a contract creating such an interest must be in writing. *Robinson* v. *Thrailkill* (1887), 110 Ind. 117, 10 N. E. 647; *Brumfield* v. *Carson* (1870), 33 Ind. 94, 5 Am. Rep. 184; *Richter* v. *Irwin* (1867), 28 Ind. 26; *Schmidt* v. *Brown* (1907), 226 Ill. 590, 80 N. E. 1071, 11 L. R. A. (N. S.) 457, 117 Am. St. 261.

It therefore becomes necessary to determine whether the alleged agreement in reference to the construction of the steps has the effect, if enforced, of creating an easement in favor of appellee in the land conveyed by him to appellant for right of way purposes.

It is claimed by appellant that the alleged agreement

Vol. 51—11

would give to appellee and his family the right to cross and recross its track and right of way in passing between the residence on one side and the orchard and spring on the other, and that such a right would constitute a burden on its estate in the land, amounting to an easement. If, in the absence of any contract on the subject, appellee and his family possessed no right under the law to cross the right of way of appellant in passing from one part of his farm to the other, then the contract averred in the complaint could be properly held to confer such a right, but if the law gives to appellee and his family this right, regardless of any contract on the subject, then such a conclusion could not be reached.

Section 5444 Burns 1908, Acts 1899 p. 485, provides "that owners of tracts of land separated by the right of way of a railway company, or owner of a tract or tracts of land separated by the right of way of a railway company from a public highway or road, lying and situated immediately contiguous to and adjoining said right of way, may, if such right of way has been or shall hereafter be acquired by condemnation and appropriation, or by purchase or donation, construct and maintain wagon and driveways over and across such right of way leading from one of such tracts to another on the opposite side of such right of way, or leading from such tract or tracts of land on one side to the highway on the other side of the right of way, at any point most convenient to such owner. For this purpose such owner may enter upon such right of way and construct such embankment or make such excavation on one or both sides of the track of such railway as may be necessary to establish easy grades from one tract of land to the opposite tract or highway, and may spike planks on the ties of such railway on the line of such way for the space of the width of such way, of such thickness as not to be elevated above the top of the rails of such railway, and may also bridge the gutters at the sides of such railway track in such

manner as not to obstruct the flow of water therein: Provided, The railroad company shall make the crossing.''

The effect of this statute is to reserve to the landowner across whose land a right of way for railroad purposes has been acquired, the right to cross that portion of land occupied for such purposes. This right is given by statute, and exists in the absence of any contract on the subject. By virtue of this statute, appellee had a right to a passageway over and across said right of way leading from the portion of his land on one side of the right of way to that on the opposite side, and the agreement of the railroad company, alleged in the complaint, would not have the effect to create this right, but was simply intended to provide him with a convenient way by which it could be exercised. The contract did not, therefore, create any easement or interest in the land conveyed for right of way purposes, and was not required by the statute of frauds to be in writing.

The oral testimony introduced at the trial, tending to show that appellant agreed to erect and maintain the steps, as alleged in the complaint, could not be excluded on the 3. ground that its effect and purpose was to vary the terms of a written contract. It is true that a deed is a written contract, and it is also true, as a general proposition, that where a contract has been reduced to writing and signed it becomes the respository for the entire agreement, and that, in the absence of fraud or mistake, it cannot be varied by parol evidence; but notwithstanding this rule, the courts hold that the actual consideration of a deed may be shown by parol evidence, even though it differs from the consideration expressed in the instrument.

It was said in the case of *Levering* v. *Shockey* (1885), 100 Ind. 558: ''The actual consideration of a deed may be shown by parol evidence. * * * Either party may show for any purpose, except to defeat its operation as a valid and effective grant, the true consideration of a deed, although it be entirely different from that expressed in the deed. * * *

The consideration expressed is the least important part of the instrument, and may be varied to almost any extent by parol evidence, as the estate created does not depend upon it, but upon the conditions and limitations contained in the instrument, descriptive of its quantity and duration. * * * When one consideration and no other is expressed in a deed, parol evidence is admissible to prove a different consideration, though the legal effect of the deed may be thereby changed." See, also, *Hays* v. *Peck* (1886), 107 Ind. 389, 390, 8 N. E. 274.

Many other cases might be cited as sustaining this proposition, but the rule is so well settled that we deem it unnecessary. In the case of *Hays* v. *Peck, supra,* the court says: "It is an elementary doctrine that the consideration of a deed may be shown by parol, and it is impossible to give effect to this doctrine without permitting the parties to prove what agreement as to the consideration preceded the execution of the deed. The agreement as to the consideration necessarily precedes the execution of the deed, and the fact that the consideration was agreed upon some time prior to the delivery of the deed does not preclude the grantor from showing what constituted the consideration of the deed. To hold otherwise would be to run counter to the rudimentary doctrine that it is always competent to prove the actual consideration yielded for the conveyance of land. With few exceptions the rule is, that the preliminary negotiations are merged in the deed. * * * This doctrine, however, does not apply to the consideration, except, perhaps, where the deed specifically sets forth the consideration. Where, however, the consideration is merely stated in general terms, the doctrine does not apply. The case of *Ice* v. *Ball, supra* [(1885), 102 Ind. 42, 1 N. E. 66], is not to be considered as deciding that where the deed states the consideration in general terms, the grantee is precluded from proving the true consideration, even though it may have been agreed upon prior to the execution of the deed. It is,

of course, necessary to show that the consideration previously agreed upon was the one on which the deed was founded.''

The conclusion we have reached on this question is decisive on every question presented by this appeal. There was no error in overruling appellant's demurrer to the complaint, and the oral evidence was properly admitted, tending to prove the contract averred in the complaint. The sufficiency of the evidence to sustain the finding of facts is not questioned, and the facts found are abundantly supported by the evidence. The court committed no error in overruling appellant's motion for a new trial. There was no error in the conclusions of law as stated by the court on the facts found, and the court properly refused to state other and further conclusions of law, as requested by appellant.

Finding no error in the record, the judgment is affirmed.

NOTE.—Reported in 95 N. E. 442. See, also, under (1) 20 Cyc. 215; (2) 33 Cyc. 301; (3) 17 Cyc. 653. As to the admissibility of outside evidence to vary deed, see 11 Am. St. 844. For a discussion of the admissibility of parol evidence to show an agreement between the parties at the time of the execution of a deed of land to a railroad for a right of way or depot purposes, see 17 Ann. Cas. 863.