THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. KEARNS ET AL.

[No. 8,922.   Filed May 12, 1915.]

1. RAILROADS.—*Destruction of Private Crossing.*—*Action for Damages.*—*Complaint.*—A complaint for damages for the destruction of a private farm crossing, alleging a covenant in a deed of the right of way to defendant's predecessor to make and maintain a farm crossing, which was performed up to a certain date when the crossing was destroyed, that such crossing has not since been replaced or rebuilt, that defendant's tracks and roadbed so divide plaintiffs' farm that one part of the same is not accessible from the other and plaintiff is unable to cultivate one portion of his farm, and that with a crossing the land would be worth $150 per acre, and without it only $50 per acre, was sufficient as against demurrer to show plaintiff's right to a crossing through his lands, and that on account of defendant's acts he had been damaged.   p. 697.

2. APPEAL.— *Review.*— *Harmless Error.*— *Demurrer to Answer.*— Error, if any, in sustaining a demurrer to a special paragraph of answer in an action for damages for the destruction of a private railroad crossing was harmless, where all the facts pleaded therein were shown in evidence under the general denial.   p. 698.

3. EASEMENTS.—*Railroad Right of Way.*—*Private Crossing.*—*Way of Necessity.*—Where the original line of railway across plaintiff's farm by defendant's predecessor left no practical way of travel from one part of the farm to another, except over the railroad right of way, the law implies a reservation in the owner of a way of necessity over such right of way irrespective of any covenant in the deed granting the right of way; and irrespective of any covenant, or common-law right, the owner is given the right to a crossing under such circumstances by virtue of §5444 Burns 1914; Acts 1899 p. 485, which right can not be destroyed by condemnation proceedings.  p. 699.

4. EMINENT DOMAIN.—*Condemnation for Railroad Right of Way.*— *Damages.*—*Scope.*—Damages in a condemnation proceeding are assessed once for all, and include all present and prospective damages that are the natural and reasonable incidents of the appropriation, but do not include damages to the owner of the land for the permanent loss of a private railroad crossing, though he may recover in such proceeding the damages arising from the temporary interference with his right of free access to all his lands during the period of construction of the railroad track and grades; hence in a subsequent action for damages for the destruc-

tion of the crossing no recovery can be had of damages for the temporary loss for the reason that such damages are presumed to have been included in the award in the condemnation proceeding. p. 699.

5. RAILROADS.—*Right of Way.—Covenants.—Maintenance of Private Crossing.*—The conveyance of a railroad right of way through a farm containing the covenant "grantee also to make and maintain a farm crossing", duly recorded, and acted upon by grantee and its successor, the defendant, so as to warrant a presumption of acceptance, bound the defendant to make and maintain such farm crossing, in the absence of any showing that defendant or its predecessor had in any other manner acquired the right to cross plaintiff's land. p. 700.

6. RAILROADS.—*Covenants Running With Land.—Farm Crossings.*— Under a deed to a right of way through a farm, containing a covenant binding the railroad company to make and maintain a farm crossing, the right to a crossing runs with the land and enures to covenantee's successor. p. 700.

7. RAILROADS.—*Right of Way.—Effect of Covenant.*—The right of a landowner under a covenant in a deed for a railroad right of way across his land to make and maintain a farm crossing, is a contract right which can not be destroyed by the subsequent condemnation of additional land for the right of way, or from the performance of which the railroad company can not release itself without the consent of the owner, and the acceptance of the damages awarded in such subsequent condemnation would not operate as an agreement to abandon such covenant. p. 700.

8. RAILROADS.—*Destruction of Private Crossing.—Damages.*—The proper measure of damages for the failure of a railroad company to perform a covenant, requiring it to make and maintain a farm crossing, is the cost of the construction of a crossing together with such amount as will compensate plaintiff for the loss of the use and enjoyment of his farm by the destruction of the crossing from the expiration of a reasonable time for the completion of the reconstruction work on the road, which was the occasion for the destruction, to the time of trial, and where judgment is had for plaintiff, the defendant should be permitted a reasonable time in which to construct the crossing should it prefer to do so rather than pay the costs of construction  p. 702.

9. RAILROADS.— *Destruction of Private Crossing.— Damages.— Instructions.*—In an action for damages from the destruction of a private crossing over defendant's railroad, an instruction that the measure of damages was the difference between the value of the lands with a crossing, and the value of same without a crossing, was erroneous.  p. 702.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Action by Joseph Kearns and another against The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiffs, the defendant appeals. *Reversed.*

*G. E. Ross,* for appellant.

*S. L. Stricler, Murphy & Todd* and *W. F. Elliott,* for appellees.

Ibach, J.—In both paragraphs of the complaint in this case, appellees sued appellant for damages for the destruction of a private farm crossing which had been constructed by one of appellant's predecessors for former owners and occupants of the farm which had been severed by such railroad. Such crossing had been maintained by appellant and its predecessors from the time of its construction until November 20, 1909. Appellees base their right to a recovery on a covenant in a deed of conveyance of the right of way, made by one of their remote grantors to appellant's predecessors, that it "would make and maintain a farm crossing", etc.

The complaint avers in substance that up to November 20, 1909, appellant and its predecessors performed such covenant, but on said day appellant destroyed the crossing and has never since replaced it or built another. Appellant's tracks and roadbed so divide appellees' lands as to leave the larger, tillable portion of the farm on one side thereof, and the house and improvements on the other, so that appellees now have no means of access from one part of the farm to the other. The second paragraph in all essential respects is similar to the first, with these additions, that without a suitable crossing appellees are unable to cultivate the portion of their farm on the east side of the tracks, and to build a suitable crossing would cost $5,000, and with such a crossing their lands would be worth $150 per acre, and without it but $50 per acre. The demand in each paragraph is for $6,000. Separate demurrers to each paragraph of

the complaint were overruled and this is the first specification in appellant's assignment of errors.

The answers were a general denial and an affirmative answer predicated on former adjudication, in which it is alleged substantially that in June, 1909, the appellant brought suit against appellees in the Grant Circuit Court to appropriate a twenty-foot strip of land through their farm for right of way purposes parallel with their previous right of way; that appraisers were appointed to assess damages, the award was made, and exceptions to the award taken, among which exceptions, it is stated that the amount assessed by the appraisers as the damages that will be sustained by the defendants by such taking of such real estate is wholly inadequate and insufficient, and that the amount assessed as the damages to the balance of their real estate of which said strip sought to be appropriated is a part, is wholly inadequate. The judgment in that case was pleaded, showing a recovery by appellees on the trial of the exceptions to the award made by the viewers and the payment of that amount to appellees. The action of the trial court in sustaining the demurrer to this special answer is the second error assigned.

Upon the issues thus formed, the cause was submitted to a jury for trial, which resulted in a general verdict for appellees for $4,000, and, over appellant's motion for a new trial, judgment was rendered on the verdict.

We believe that the averments of the complaint, when construed together, are sufficient to show appellees' right

1. to a private crossing through their lands, that such a crossing, which had been built and maintained by appellant and its predecessors, had been destroyed by appellant, that on account thereof, the means of passing from one part of their farm to another had been taken from them, that they were thereby unable to cultivate that portion of their farm to the west of appellant's right of way and, on account of all such acts on appellant's part, they had been

heavily damaged. While it may be said that all these facts are not so clearly disclosed in the pleading as they might have been, and the pleading may be subject to some criticism on that account, when strict rules are applied, but when such just and liberal rules are applied as are permissible, the pleading must be held good on demurrer.

The answer in effect raised the question as to whether the appropriation proceedings constituted a bar to the present action. It was not error to sustain the demurrer addressed thereto, as will be disclosed from our later discussion, but if it had been error, appellant was not harmed thereby, because at the trial all the facts pleaded in the special answer were permitted to be shown in evidence under the general denial. *Indianapolis Traction, etc., Co.* v. *Isgrig* (1914), 181 Ind. 211, 213, 104 N. E. 60, and cases there cited.

We proceed to the consideration of the controlling question in the appeal. Appellant contends that, since appellant filed its petition in the Grant Circuit Court to appropriate an additional strip of land on the easterly side of and adjoining the right of way previously acquired through appellees' farm, that they were duly notified thereof, that appraisers were appointed by the judge of the court in which such proceedings were filed, to appraise damages which the appellees sustained by reason of such appropriation; that subsequently they filed exceptions to the award of damages, that the exceptions were subsequently tried and damages awarded, and judgment entered accordingly, vesting title to said strip of land in the appellant, and awarding damages to the appellees and the acceptance of the amount of the judgment was a full satisfaction of all damages, not only for the rights acquired but such damages as resulted to the remaining lands, and those resulting from the destruction of the private crossing existing at the time the appropriation proceedings were pending.

From the evidence it appears that when the original line

of railway across the farm in question was built by appellant's predecessor, there was no practical way of

3.   travel from one of the parts of the farm to the other, except over the railroad right of way, therefore a way of necessity across such railroad right of way was by legal implication reserved in the owner, irrespective of any covenant in the deed granting the railroad its rights. *Cleveland, etc., R. Co.* v. *Smith* (1912), 177 Ind. 524, 97 N. E. 164. Moreover, irrespective of any covenant, or any common-law right, the statute, §5444 Burns 1914, Acts 1899 p. 485, secures to the owner of a farm situated as this is, the right to a crossing over the railroad right of way, and the right to go on the right of way and construct such crossing, and condemnation proceedings can not destroy such right. *Indianapolis Southern R. Co.* v. *Wycoff* (1912), 51 Ind. App. 159, 95 N. E. 442.

It is the rule that damages in condemnation proceedings are assessed once for all, and include all damages, both present and prospective, that are the natural and

4.   reasonable incidents of the appropriation. The law gives to the landowner whose farm is divided by a railroad right of way the right to cross over the railroad's easement, so that in condemnation proceedings he could not recover for permanent loss of the right to a crossing, that right being a permanent one resting in the land so long as it remains one farm, but he may recover damages for the temporary interference with his right of free access to all his lands during the period of construction of the railroad grade and tracks. As such damages may be recovered in condemnation proceedings, it must be presumed that the amount awarded in such proceedings included damages for the temporary interference with the crossing during a reasonable time for the railroad construction work, hence appellee is not entitled to recover such damages in this proceeding. *Cleveland, etc., R. Co.* v. *Smith, supra.*

In this case appellees are not seeking to enforce a stat-

utory remedy for the destruction and refusal to restore their crossing, but are asking for damages because of appellant's breach of a covenant to make and maintain a crossing. There was in evidence a certified copy of the record of a deed to the Chicago, St. Louis and Pittsburgh Railroad Company of the right of way across appellees' farm which was occupied by appellant before the condemnation of the additional strip in 1909. This deed was dated October 11, 1884, and recorded October 23, 1884, and contained the covenant, "grantee also to make and maintain a farm crossing". There was evidence that appellant succeeded to the rights of the grantee in the deed, and that the crossing had been maintained continuously by appellant and its predecessors until it was destroyed at the time of the widening of the grade and double tracking. This deed was duly recorded. The conveyance was beneficial to appellant, and acceptance of such a conveyance is usually presumed. There is no showing of any right by either company to cross the land, save under the deed. The facts are almost exactly similar to those in the case of *Pittsburgh, etc., R. Co.* v. *Wilson* (1904), 34 Ind. App. 324, 72 N. E. 666, and *Pittsburgh, etc., R. Co.* v. *Wilson* (1910), 46 Ind. App. 444, 91 N. E. 725, two appeals of the same case by the same appellant as in the case at bar. On the authority of those cases, and of *Lake Erie, etc., R. Co.* v. *Lee* (1896), 14 Ind. App. 328, 41 N. E. 1058, we must hold that the evidence was sufficient to show appellant bound by the covenant in this deed. The right under this covenant to a crossing runs with the land, and enures to appellees, and being a contract right, the condemnation of an adjacent strip of land would not destroy the rights of appellees under the covenant, any more than it would their rights to a crossing under the statute. *Gray* v. *Burlington, etc., R. Co.* (1873), 37 Iowa 119; *Stafford* v. *Big Sandy R. Co.* (1907), 105 S. W. (Ky.) 389; *Keefe* v. *Sullivan County R. Co.* (1884), 63 N. H. 271; *Wheeler* v.

*Rochester, etc., R. Co.* (1851), 12 Barb. (N. Y.) 227. The acceptance of the deed and the subsequent occupancy of the premises by appellant and its predecessors constituted an agreement to construct and maintain a private crossing on appellees' farm so that they might have access to all parts of their farm, and from this express agreement, appellant can not release itself by its own conduct without the consent of appellees. We are unable to agree with appellant that the acceptance of the money awarded in the condemnation proceedings constituted an agreement to abandon the covenant under which appellees were entitled to such crossing. This proceeding did not affect their original rights under the deed, and the money paid them under the condemnation proceeding was simply the consideration for the thirty feet of additional right of way which appellant acquired thereby. In the case of *Gray* v. *Burlington, etc., R. Co., supra,* a case in many respects similar to the present, the court said, ''Besides the deed, its acceptance and the taking possession of and using the property it described, vested in the defendant the title to the lands in the deed described as fully as it is capable of acquiring title to such property. It could not, therefore, ignore the deed and the rights thereby acquired, and proceed to an assessment of damages for occupying property which belonged to itself. The only reasonable construction which can be placed upon this assessment is that it applied only to the strip thirty-five feet in width on each side of the land conveyed by plaintiff, and necessary in connection therewith to make up the one hundred feet desired.'' As applied to the facts in the case at bar, it may with the same force be said that the appropriation proceedings only resulted in granting to appellant the right to use a wider strip of land through appellees' farm than formerly, and that by such proceedings it was not released from the obligation imposed by accepting the deed, and appellees deprived of that which the deed clearly gave them.

Appellant failed and refused to construct and maintain the crossing required by its covenant, and therefore should respond in damages. It seems that the proper meas-

8. ure of damages in a case such as the present is the cost of the construction of a crossing, together with such amount as will compensate appellees for the loss of the use and enjoyment of their land occasioned by the lack of a crossing from the expiration of a reasonable time for the completion of the reconstruction work on the railroad, to the time of trial. *Pittsburgh, etc., R. Co.* v. *Wilson, supra; Stafford* v. *Big Sandy R. Co., supra.* It seems, also, that if appellant should prefer to construct the crossing itself, rather than pay the costs to which appellees would be put in making the crossing, it should be permitted so to do, in lieu of this item of damages ,and a reasonable time should be given it in which to do so, with a proviso in the judgment that in the event of its failure to complete the crossing within the specified time, it should pay the costs of construction, which should be separately determined and set out in the judgment separately from the damages allowed for the loss of use and enjoyment of the lands. *Stafford* v. *Big Sandy R. Co., supra.* At the trial, the court in-

9. structed the jury that the proper measure of damages was the difference between the value of the lands with a crossing, and the value of the lands without a crossing. This was error. The right to a crossing under the covenant, and under the statute, runs with the land, and a judgment such as that rendered in the court below would not prevent a grantee of appellees from enforcing against appellant the right to a farm crossing. The verdict of the jury rendered on the erroneous theory of damages, was contrary to law. The judgment is reversed, and the cause remanded for new trial, with leave to appellees to amend their pleadings.

NOTE.—Reported in 108 N. E. 873. As to compensation when lands are taken for right of way of railroad, see 19 Am. St. 458.

As to the effect of a provision as to crossing in deed to railroad of right of way, see 48 L. R. A. (N. S.) 378. See, also, under (1) 33 Cyc. 368; (2) 31 Cyc. 358; (3) 33 Cyc. 302; (4) 15 Cyc. 922, 704, 737; (5) 33 Cyc. 303, 179; (6) 33 Cyc. 179; (7) 33 Cyc. 311; (8, 9) 33 Cyc. 373.