IN THE

# SUPREME COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY AND NOVEMBER TERMS, 1921, IN THE ONE HUNDRED FIFTH AND ONE HUNDRED SIXTH YEARS OF THE STATE.

---

PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* KEARNS ET AL.

[No. 23,410. Filed June 24, 1920. Rehearing denied June 23, 1921.]

1. APPEAL.—*Time for Perfecting.*—*Motion to Modify Judgment.* —*Effect.*—The filing of a motion to modify a judgment suspends and postpones the finality of the judgment until the motion is determined, so that a transcript filed within 180 days after the overruling of such motion at a term subsequent to the trial term is in time. (*Blaemire* v. *Barnes* [1910], 173 Ind. 656, modified; *Thomas* v. *Thomas* [1915], 61 Ind. App. 101, overruled in part.) p. 6.

2. APPEAL.— *Presumptions.*— *Jurisdiction.* — *Venue.* — Where it appears from the record that the amended complaint in an action for damages to real property located in another county was filed in the same action in which a similar complaint had been filed and on which plaintiffs had recovered judgment, and defendant had demurred to and answered the amended complaint and gone to trial thereon, the Supreme Court can presume that the former judgment had been in some manner set aside, though the record does not show the perfecting of an appeal therefrom, so that the amended complaint was not a new cause of action, even though it could not conclude that an opinion reversing a judgment in a similar case was rendered in that particular case. p. 11.

3.  APPEAL.—*Review.— Harmless Error.— Overruling Demurrer to Complaint.*—In an action for damage to real estate, error, if any, in overruling defendant's demurrer to the second paragraph of complaint seeking recovery for depreciation in value of the land involved, was harmless, where that paragraph was ignored at the trial and jury was not instructed to allow damages for depreciation and the verdict expressly showed that there was no allowance therefor.  p. 12.

4.  APPEAL.— *Record.— Complaint.— Clerk's Entry.*— Where an amended and supplemental pleading showed that it was the first paragraph of complaint, and defendant demurred to and answered it as such, defendant's contention that such pleading superseded the original complaint in two paragraphs cannot be sustained, though the clerk's entry recited that it was an amended and supplemental complaint in one paragraph. p. 13.

5.  RAILROADS. — *Agreement to Construct Crossing. — Want of Consideration.—User.*—That a railroad company had for more than fifteen years been using a right of way through defendant's farm without any showing that it had acquired title, does not show want of consideration for a covenant in a deed conveying title to the right of way to it to maintain a crossing for grantor's benefit.  p. 14.

6.  RAILROADS.—*Covenant to Maintain Crossing.—Breach.—Verdict.—Sufficiency.—Venire De Novo.*—In a landowner's action against a railroad company to recover damages for breach of a covenant to maintain a farm crossing in which the complaint alleged the cost of constructing a suitable crossing and the damage caused by the loss of the use of the land, a verdict against defendant for a stated sum for the loss of the enjoyment of the land and fixing the amount of the cost of construction of a suitable crossing, determined the issues formed by the complaint and was sufficient as against a motion for a *venire de novo*.  p. 14.

7.  RAILROADS.— *Right of Way.— Deed.—Acceptance.*—Although defendant railroad company denied the execution of a deed conveying to it a right of way and containing a covenant to maintain a farm crossing for grantors' benefit, an instruction, in an action for breach of the covenant, that if the deed was duly acknowledged, and recorded and the grantee acted under the terms of the deed, took possession, and constructed and maintained the crossing for a time, that constituted acceptance was proper, it not being incumbent under the circumstances for plaintiffs to prove the formal execution of the deed, including delivery to, and acceptance by, the grantee.  p. 15.

8. RAILROADS.—*Covenant to Maintain Crossing.—Breach.—Damages.—Instructions.*—In an action against a railroad company to recover damages for failure to maintain a farm crossing as required by the deed conveying land for the right of way where it appeared that defendant company had maintained the crossing until it condemned an additional strip of land for use in constructing a double track which necessitated a new overhead crossing, the building of the new crossing was part of the reconstruction work, so that an instruction allowing an assessment of damages from the expiration of a reasonable time for the reconstruction work was not erroneous as excluding time to rebuild the crossing. p. 16.

9. APPEAL.— *Review.— Instructions.— Reasonable Time.— Construction of Crossing.*—In an action against a railroad company for failure to maintain a private crossing as required by the deed conveying the right of way, where a previous instruction had authorized an assessment of damages for the failure to maintain the crossing from the expiration of a reasonable time for the completion of the reconstruction work, a subsequent instruction stating that a "reasonable time" included time for rebuilding the crossing, was favorable to the defendant, and it could not complain thereof on appeal. p. 17.

10. RAILROADS.—*Covenant to Maintain Crossing.—Breach.—Instructions.—Right to Cross Tracks.*—In an action against a railroad company to recover for failure to maintain a farm crossing as required in a deed for the right of way, an instruction that the amount paid plaintiffs for land condemned for an additional width of right of way did not destroy the statutory right to cross, much less plaintiffs' contract right to cross, *held* not objectionable as tending to confuse the jury and erroneously cause them to believe that plaintiffs were seeking to recover for loss of their statutory right to cross, when considered with other proper instructions as to the effect of the condemnation proceedings upon the right to a crossing. p. 17.

11. RAILROADS.—*Covenant to Maintain Crossing.—Breach.—Action.—Instructions.—Applicability.—Statutory Right to Cross.*—In an action to recover for failure to maintain a farm crossing as required in a railroad right of way deed, a requested instruction that plaintiffs' statutory right to cross the right of way did not impose upon defendant railroad company the duty of building and maintaining a crossing, was properly refused, where plaintiffs were not seeking to recover for the loss of their statutory right of way and the instructions did not authorize a recovery for such loss. p. 18.

12. RAILROADS.— *Covenant to Maintain Crossing.— Breach.— Damages.—Instructions.*—In an action against a railroad company to recover for failure to maintain a farm crossing as required by a deed for the right of way, where the instructions given limited recovery to the loss of the use of plaintiffs' farm by reason of the destruction of the original crossing and the cost of the construction of a new crossing made necessary by the change of grade in defendant's tracks, a tendered instruction denying recovery of damages for the change of grade was properly refused. p. 19.

13. RAILROADS.—*Covenant to Maintain Crossing.—Breach.—Instructions.—Acceptance of Deed.*—In an action against a railroad company for breach of a covenant in a right of way deed requiring defendant to maintain a farm crossing for plaintiffs' use and benefit, where the jury had been instructed that use and possession under the deed was sufficient to make the covenant binding upon the company, a tendered instruction to find for defendant unless the preponderance of the evidence showed acceptance of the deed by the railroad, was properly refused as tending to confuse the jury. p. 19.

14. COVENANTS.—*Covenants Running With Land.—Covenant to Maintain Railroad Crossing.*—A covenant in a deed conveying a right of way to a railroad company, whereby the company was obligated to maintain a private farm crossing, runs with the land. p. 20.

15. TRIAL.—*Instructions.—Inapplicability to Evidence.*—In an action against a railroad company for failure to maintain a private farm crossing, a requested instruction that there was no evidence in the case showing that defendant was obliged to construct or maintain a crossing was properly refused, where there was in evidence a deed conveying a right of way to defendant with a covenant that it should maintain a farm crossing. p. 20.

16. RAILROADS. — *Covenant to Maintain Crossing. — Breach.— Damages.—Instructions.*—In an action against a railroad company for failure to maintain a farm crossing, where the jury had been instructed as to damages recoverable for a breach of a covenant to construct a crossing, an instruction requested by defendant that in condemnation proceedings to obtain additional right of way all damages were assessed which were incident to the appropriation, was properly refused as being confusing. p. 21.

17. RAILROADS.—*Covenant to Maintain Farm Crossing.—Scope and Effect.—Acquisition of Additional Right of Way.*—Where a covenant in a deed conveying a right of way for a single track railroad obligated grantee company to maintain a cross-

ing, the company was required, after it had condemned an additional strip of right of way for a double track and changed its grade so as to render the original crossing useless, to maintain the crossing not only over the original right of way granted, but also over the additional strip condemned. p. 22.

18. RAILROADS. — *Covenant to Maintain Crossing.* — *Breach.* — *Judgment.* — *Validity.* — *Option to Construct or Pay Cost of Construction.*—In an action against a railroad company for failure to maintain a farm crossing, where the jury found the reasonable cost of constructing the crossing, which defendant had agreed to construct and maintain, a provision in the judgment giving defendant the option of constructing the crossing, instead of paying the amount found by the jury, though not mentioned in the issues, was favorable to defendant and did not afford grounds for modification of the judgment. p. 23.

19. RAIROADS.—*Covenant to Maintain Crossing.—Breach.—Verdict Finding Cost of Construction.—Construction.*—In an action against a railroad company for failure to maintain a farm crossing as required in a deed for a right of way, a verdict finding the reasonable cost of constructing the crossing is equivalent to a finding of the damages sustained by plaintiffs by reason of defendant's failure to construct. p. 23.

From Wabash Circuit Court; *Nelson G. Hunter,* Judge.

Action by Joseph Kearns and another against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiffs, the defendants appeal. (Transferred from the Appellate Court under §1394 Burns 1914, Acts 1901 p. 565.) *Affirmed.*

*G. E. Ross,* for appellant.

*S. L. Strickler, A. H. Plummer, Walter G. Todd* and *F. W. Plummer,* for appellees.

HARVEY, J.—The appellees contend that, as the transcript of proceedings below was not filed here within 180 days from the date of the overruling of the motion of appellant for a new trial, this appeal should be dismissed.

The transcript was filed within 180 days from the date the court overruled appellant's motion to modify

the judgment rendered. This motion to modify was filed upon the last day of the term at which the motion for a new trial was overruled and the judgment rendered. The filing of a motion to modify a judgment suspends and postpones the finality of the judgment until the motion to modify is overruled. It has been repeatedly held by this court that such is the effect of a motion for a new trial. The reason stated is that a motion for a new trial seasonably filed is a direct attack upon the judgment itself. The avoidance of appeals is good policy; hence until the trial court has had an opportunity to consider and rule upon asserted errors underlying, or in, its judgment, an appeal should not be taken; and to permit such consideration this court has announced that a motion for a new trial prevents the judgment from becoming final; and has held that the statute limiting the time for appeal does not apply while the judgment, thus suspended, is not final.

A motion to modify is a direct attack upon the judgment itself, and for like reasons has the same effect as a motion for new trial. When it happens that a judgment passes upon, or covers, matters not within the issues, or erroneously records the announced decision of the trial court, a correction will often prevent an appeal or lessen the questions to be presented by appeal, and the judgment should not become final for such purpose, if a seasonable request for correction is made, until the request is ruled upon. We are aware that this court held in *Blaemire* v. *Barnes* (1910), 173 Ind. 65, 91 N. E. 232, that, while a motion for new trial has the effect stated "other motions do not." The right result was reached in the cause last cited because the motion relied upon there was a motion in arrest of judgment. Apparently a motion in arrest filed, as in the case cited, after judgment was rendered could have no such effect. Such decision is modified to the extent

that motions seasonably filed to modify a judgment do have such effect. As to other motions not here involved, we decide nothing.

Appellees rely upon *Thomas* v. *Thomas* (1915), 61 Ind. App. 101, 110 N. E. 573, as supporting their position. In that case the motion to modify was treated as a collateral attack upon the judgment. This was an error, as the motion sought to materially change the judgment, and it was filed within the term at which judgment was rendered when the matter was *in fieri*, though the motion was supplemented after the term, and was therefore a direct attack thereon. The opinion in the Thomas case concedes that such motion as are direct attacks, made under such circumstances, postpone the finality of the judgment.

We do not hereby hold that other and independent proceedings, such as suits instituted to set aside or vacate judgments, based upon facts not in issue in the original action, though such proceedings are direct attacks, postpone the finality of the judgment attacked. Such seek a new judgment upon the new matter, and the time for appeal therefrom is gauged by the time of the new judgment, or the overruling of a motion for a new trial in the new cause.

The objection that the effect we give to a motion to modify, filed within the term, is to unduly delay final judgment, is answered in *Chandler* v. *Gloyd* (1909), 217 Mo. 394, op. 405, 116 S. W. 1073, when the court there says: "The reason given that a party may thus delay the final disposition of the cause, can be obviated by the court, by disposing of it at the term, but if the court is of opinion that it deserves careful consideration and sufficient time does not remain at that term, we cannot see how the jurisdiction of the cause is lost * * *."

Our investigation demonstrates that the statement in

3 C. J. 1054, §1051, to the effect that the general rule that a motion to vacate or modify does not postpone finality, is not correct.    Many of the decisions cited in support thereof are distinguishable.

The motion to dismiss is overruled.

In this action appellees sued appellant for damages for the destruction and failure to reconstruct a private farm crossing, which had been constructed by one of appellant's predecessors, it being alleged that said predecessor had agreed to construct and maintain such crossing in consideration of a conveyance by appellees' remote grantor of a forty-foot right of way.    Said deed contained a covenant reading, "grantees also to make and maintain a farm crossing."    Said crossing had been maintained by appellant and its predecessors from the time of its construction until November 20, 1909.

It is alleged that appellant's track and road-bed so divided appellees' land as to leave the larger tillable portion of the farm on one side thereof and the house and other improvements on the other side thereof, so that appellees have no means of access from one part of the farm to the other.    The second paragraph of complaint in all essential respects is similar to the amended and supplemental first paragraph, except that it suggests a different measure of damages, and omits to allege the cost of constructing a crossing made necessary by changed conditions.    The demand in the amended and supplemental first paragraph of complaint is for $7,000, the cost of constructing a suitable crossing, and $4,000 damages caused by the loss of the use of their said lands.    The appellees prior to the bringing of this action demanded that appellant rebuild said crossing and maintain it; that appellant refused, and still refuses, so to do.

A demurrer was filed by defendant to said amended

and supplemental first paragraph of complaint for want of facts and was overruled.

An answer was filed in three paragraphs, the first tending to show that after the execution of said deed and the construction of the original track upon the strip of land so deeded, the railroad company condemned a second strip of land for the purpose of building a double track; and that in said condemnation proceedings these plaintiffs were allowed damages on account of said appropriation of said additional strip; that same were paid; that in said condemnation proceedings no right was retained in or reserved to the said appellees to cross, or to have a crossing over said strip of land so appropriated; and that appellees were forever enjoined from claiming or asserting any rights in said property so appropriated; that the claims of appellees now asserted are adverse to the right and title of appellant, and contrary to the judgment and decree entered in the condemnation proceedings; wherefore, appellant claims that appellees are not entitled to recover.

The second paragraph of answer was a verified general denial filed to each paragraph of the complaint.

The third paragraph of answer is said by appellant to be a plea of no consideration. This paragraph alleges that for more than fifteen years prior to said deed, appellant's predecessor had maintained this railroad, operated between Logansport, Indiana, and Columbus, Ohio, upon the land described in said deed, and had used the same in interstate commerce for general railroad purposes; and in fact early in 1869, said railroad was so located, said land taken and appropriated for public purposes and uses in the operation of said road, and had continuously been so used.

To the first paragraph of answer to the amended and supplemental complaint, and the third paragraph of answer to both paragraphs of complaint, a demurrer for

want of facts was filed and sustained.   Upon the issues thus formed the cause was tried and a verdict returned against appellant in the sum of $2,500 for the loss of the enjoyment of their lands east of the right of way; and the jury further found in the same verdict "for the plaintiffs, and against the defendant, and that the cost of the construction of a suitable and proper construction will be $2,400."

Defendant's motion for a *venire de novo*, its motion for a new trial, its motion in arrest of judgment, as to the first paragraph of complaint and the entire complaint, its motion to modify the judgment, were each overruled, and each of said rulings is here assigned as error, and in addition thereto it is assigned that the Wabash Circuit Court had no jurisdiction over the subject-matter involved and no jurisdiction to render the judgment herein appealed from.   And it is further assigned that the court erred in overruling defendant's demurrers to the respective paragraphs of plaintiff's complaint, and in sustaining plaintiff's demurrer to the first and third paragraphs of defendant's answer.

Appellant's first point is that the Wabash Circuit Court has no jurisdiction of the subject-matter of this action, because the action is to recover for an alleged injury to real property situated in Grant county.   It would be sufficient answer to this proposition to say that the cause was pending in Wabash county because appellant procured a change of venue from Grant county, except that appellant asserts that the cause originated in Grant county.   A brief statement of the history of at least a part of the proceedings in this cause will not only aid in the proper determination of appellant's position last stated, but will aid in the consideration of several other positions taken by appellant as they will appear later.

A suit was instituted by persons bearing the same

name as these appellees, alleging that they were the owners of the same land that is here described, and alleging that this identical defendant had violated an identical covenant in a deed of the same lands, which deed bears the same date as that now involved, and was recorded on the same page of the same record in the office of the recorder of Grant county as is the deed described in the complaint here involved. Said action was for damages, and in the action the verdict and judgment was rendered against this defendant for failure to maintain a farm crossing, as provided in said deed. This judgment was rendered in 1912 by the Wabash Circuit Court. The record before us shows that an appeal was prayed and bond given by the defendant for the purpose of appealing from said judgment. The next entry of record in this cause was made in 1916, which entry recites the filing by plaintiffs of "an amended and supplemental complaint in one paragraph."

Appellant claims that as the record shows a final judgment in 1912 and no appeal therefrom perfected, and no further action shown affecting said judgment, the filing of this amended and supplemental complaint was the beginning of a new action for an alleged injury to real property in Grant county, and therefore the Wabash Circuit Court has no jurisdiction.

The amended and supplemental complaint filed was identical with the original first paragraph of complaint upon which said judgment had been rendered, 2. except some allegations had been added in compliance with suggestions made in a cause between plaintiffs of the same name and this defendant on appeal, which cause involved facts identical with those described above. *Pittsburgh, etc., R. Co.* v. *Kearns* (1915), 58 Ind. App. 694, 108 N. E. 873. These facts not only convince us that an appeal was taken from said judgment and was decided, but that the cause was re-

turned to Wabash county for further proceedings. But if it be that, technically speaking, we cannot draw such a conclusion, it still sufficiently appears that this amended and supplemental complaint was filed in the original cause. It also appears that without objection defendant joined issue thereon, tried the cause, and the presumption, which is not rebutted by any suggestion we find in the record, is that said original judgment was in some manner set aside and a new trial undertaken without objection on the part of this appellant. It sufficiently appears that said amended complaint was filed in a cause pending in the Wabash Circuit Court, and that cause is one brought by change of venue from Grant county.

Appellant's next proposition is error in overruling the demurrer to appellees' second paragraph of complaint. Appellant's position is that this paragraph proceeds upon the theory that the damages to be recovered are for depreciation in the value of appellees' farm, and that no facts are alleged showing any other right of recovery; and that the facts stated are not sufficient to justify a recovery on this theory. We find, however, that if the court was in error in holding this paragraph good, said answer was harmless, because upon substantially a statement of the same facts in the first paragraph of complaint damages are sought for the loss of the use of the farm and for the cost of the construction of a proper crossing, and the jury was instructed that such damages were recoverable, and not instructed that plaintiffs could recover for depreciation in the value of the farm. The cause was not tried on the theory set out in the second paragraph of complaint. The same was practically ignored. The verdict expressly shows that no damages were allowed on account of depreciation of the value of the farm.

Furthermore, it is stated in appellant's brief that plaintiffs amended and supplemented their complaint by filing "an amended and supplemental complaint in one paragraph * * * which superseded all complaint or paragraphs of complaint theretofore filed." We do not find, however, such to be the fact. While it is true that the clerk's entry of this filing reads "an amended and supplemental complaint in one. paragraph," the document itself which was filed shows it is. an amended and supplemental first paragraph of complaint, and defendant so treats it in his proposition 4 in his brief. And, furthermore, defendant's demurrer under consideration was addressed "to the amended and supplemental first paragraph of plaintiffs' complaint," and his special answer to said paragraph is addressed to "the amended and supplemental first paragraph of complaint"; so it is to be seen that appellant is not justified in any of the several positions that he takes in his statement that there is only one paragraph of complaint in issue, as shown by the record.

The matters stated in the original first paragraph were sufficient. *Pittsburgh, etc., R. Co.* v. *Kearns, supra.* The facts stated in the amended and supplemental part of said paragraph relate to damages sustained, and were drawn evidently in view of suggestions in the above entitled decision, and are, therefore, sufficient. There was no error in overruling the demurrer to said first paragraph.

The next alleged error is in sustaining plaintiff's demurrer to defendant's first paragraph of answer. This answer is in substance just such an answer as was held insufficient in the cause above cited, and, therefore, is insufficient in this cause.

The next error alleged is the sustaining of plaintiff's demurrer to defendant's third paragraph of answer.

Appellant asserts that this answer is good as an answer of want of consideration. This answer was evidently drawn upon the theory that the special facts recited therein show that because thereof there was no consideration; therefore, it is not a general plea of no consideration. This paragraph alleges that for more than fifteen years prior to the deed described in the complaint appellant and its predecessors had maintained said railroad through and upon the land described in said deed, and had used and operated the same between Logansport, Indiana, and Columbus, Ohio, in interstate commerce and for general railroad purposes; and that in fact as early as 1869, said railroad was so located, and that said land was taken and appropriated at that time for public purposes, and that the operation of said road has continued since 1869. No fact is alleged which tends to show that said railroad had then acquired title to said property other than by use and occupation, and it is a fair inference from the allegations that the defendant was willing to pay some consideration for a more complete title to said land; therefore, the facts alleged do not support the allegation that there was no consideration, and for this reason said answer was insufficient.

Appellant claims that the verdict of the jury is such that no valid judgment can be rendered thereon in view of issues and the undisputed evidence of the facts, hence its motion for a *venire de novo* should have been sustained. The verdict expressly and specifically determines the issues formed by the amended and supplemental paragraph of complaint, and the same is supported by evidence heard upon these issues; therefore, there was no error in overruling said motion.

Appellant's next contention is as to error in overruling its motion for a new trial. Under this it is claimed

that there is no evidence to support the verdict upon quite a number of particular points mentioned. We have considered each of these points and deem it sufficient to say that there is evidence sufficient to support the verdict on each of these points.

Exceptions were taken to instruction No. 2, given by the court by its own motion, in that it authorizes a recovery upon the amended and supplemental complaint, or the original second paragraph of complaint, which is not in the record. We have heretofore expressed our opinion that the second paragraph of complaint is still in the record.

The objection to instruction No. 1, given by the court at the request of appellees, is that it assumes that there is evidence as to several special matters, whereas appellant states that there is no such evidence, or that the evidence is just to the contrary. We find that there is some evidence as to each of said matters, and that the court made no such assumption.

The particular objection made to instruction No. 3, given at the request of appellees, is that it wholly ignores the question of the execution of the alleged

7. deed. We find that the instruction told the jury that if the deed was duly acknowledged and recorded, and that the grantee, the Pittsburgh, etc., Railway Company, and its successors, acted under the terms of the deed, took possession, constructed and maintained the farm crossing provided for, that constituted an acceptance. This instruction stated the law properly. See *Pittsburgh, etc., R. Co.* v. *Kearns, supra.* Under the circumstances disclosed by the allegations and the evidence, it was not incumbent upon appellees to further prove the formal execution, including delivery to and acceptance by the grantee, notwithstanding appellant's plea of *non est factum.*

Appellant's objection to instruction No. 5 is that it

not only told the jury that appellees were entitled to recover, notwithstanding said appropriation proceedings to acquire space for additional track, but that said instruction exempted appellant from damages for lack of a crossing only from the commencement of the reconstruction work to the expiration of a reasonable time for such reconstruction; whereas such exemption should have included an additional reasonable time to replace said crossing after the reconstruction work was completed. We believe that it is fair to say that the amount of time necessary to build a crossing over the extra width of the right of way appropriated is included within the period named in this instruction. Such extension of the overhead right of way was made necessary by the reconstruction work and the widening of the right of way, and was a part thereof.

In this connection it may be well to state that the building of the double track was accompanied by the lowering of the grade through appellees' farm from fifteen to twenty-five feet, and this made necessary the reconstruction of the original overhead crossing built to fit the original grade of the single track. The change of grade made necessary the reconstruction of the old track, so the term "reconstruction work" used in this instruction, No. 5, should be taken to refer to all of the construction and reconstruction work, including the lowering of the original track and the rebuilding of a crossing to fit the new grade of the old track; and appellant was not entitled to exemption for a longer time in order that it might reconstruct said crossing. We have elsewhere determined that the damages awarded appellees in the condemnation proceedings did not cover damages occasioned by lack of a crossing.

The objection to instruction No. 6 given as requested by appellees, is not tenable, because this instruction

simply endeavored to define the meaning of the term "reasonable time" used in No. 5; and the definition given indicates that a reasonable time includes time for the establishment of a farm crossing for the plaintiffs under such circumstances as would not interfere with the reconstruction work and the operation of the road. Appellant was certainly not harmed by this instruction.

Appellant complains of instruction No. 7, given at the request of appellees, because said instruction, as appellant says, tells the jury that although appellant acquired an additional width of right of way by condemnation proceedings, this did not destroy the right in appellees to cross said additional right of way, which right was given by law. As we understand the instruction, fairly construed, it was intended to emphasize the proposition otherwise stated by the court that the $300 paid by the appellant to appellees, as ordered in the condemnation proceedings, was not paid as compensation for depriving appellees of a right to cross; that the condemnation proceedings could not be regarded as destroying appellees' statutory right to cross, much less appellees' contract right to cross.

We regard this instruction as not having a tendency to confuse the jury and cause them to believe that appellees were seeking to recover for loss of their statutory right to cross, whereas there was no such issue in the case; but we believe that the instruction should be sustained with other proper instructions to the effect that the condemnation proceedings, and the payment of the money adjudged to be due appellees under the condemnation proceedings did not destroy appellees' right to a crossing. There was no error in giving instruction No. 7.

Instruction No. 8 is complained of as not stating a

proper measure of damages. This instruction is entirely consistent with the rule laid down in *Pittsburgh, etc., R. Co.* v. *Kearns, supra,* which is an exactly parallel case.

Appellant complains of the refusal of the court to give each of its first and second tendered instructions, because there is no evidence to sustain the issues. In this appellant is wrong.

Appellant likewise complains of the court's refusal of its instruction No. 3. This instruction, if it had been given, would have informed the jury that plaintiffs were not entitled to recover under the second paragraph of complaint and the evidence introduced thereunder, because the second paragraph of complaint was superseded by the amended and supplemental complaint. This proposition has been disposed of hereinbefore.

Appellant's instruction No. 5½ asked the court to inform the jury that appellant was not required to construct a farm crossing over that part of appellant's right of way acquired by the condemnation proceedings. The contract, if established, is broad enough to require the construction and maintenance of a crossing which would enable appellees to pass over the right of way, although the same be widened. This instruction was properly refused.

Appellant's tendered instruction No. 6 was intended to instruct the jury that a statutory right to cross the right of way did not impose upon appellant the duty of building and maintaining a crossing, and this instruction is said to have been tendered in view of instruction No. 7, given at the request of appellees. As we have construed instruction No. 7, it does not inform the jury that plaintiffs are entitled to recover for an interruption of their statutory right to

cross; and therefore it created no occasion for the giving of instruction No. 6, requested by appellant.

Appellant's seventh tendered instruction was asked on the theory that, except for such instruction, the jury was at liberty to assess damages against appellant for a change of the grade of the railroad. The instruction given did not permit the jury to assess any such damages, but limited recovery to the loss of the use of the farm by reason of the destruction of the original crossing and the cost of the construction of the new overhead crossing to conform with the changed grade. There was no occasion for giving the seventh tendered instruction.

Tendered instruction No. 9 asked that the jury be informed that use and occupation of the original right of way before the execution of said deed will prevent plaintiffs' recovery, notwithstanding the covenant in said deed. We have heretofore disposed of this proposition.

Tendered instruction No. 10½, if given, would have informed the jury that its verdict must be for the defendant unless the preponderance shows that the deed in controversy was accepted by the railroad company. The court by other instructions told the jury that, if the preponderance of the evidence showed that the railroad company used and occupied the strip described in said deed under the terms of said deed, that was sufficient to make binding upon the railroad the covenant in the deed. The giving of instruction No. 10½ would have confused the jury as to the need of further evidence of the acceptance of the deed.

Tendered instruction No. 11 would have told the jury that the appropriation proceedings, and the resulting damages paid to appellees, were "all that can be awarded them therefor" and "you cannot in this action award them any damages on account thereof."

As we have before stated, the court's instruction so limited the damages recoverable as to exclude any damages properly chargeable to said condemnation proceedings. This observation also applies to tendered instruction No. 14.

Tendered instruction No. 16 was properly refused, because it would have informed the jury that the covenant providing for this crossing did not run with the land. And substantially the same thing may be said of tendered instruction No. 17.

Tendered instruction No. 18 is objectionable in that it would have told the jury "there is no evidence in this case" under which defendant is obliged to construct or maintain a crossing; and it is erroneous for the further reason that its other provisions are not addressed to any issue in the case, because it is not claimed by appellees that any duty is imposed upon the defendant simply by reason of the fact that they own property on both sides of the road, and it ignores the issue as to the covenant in question.

Tendered instructions Nos. 19 and 20, if given, would have informed the jury that notwithstanding the agreement between appellees' predecessors in title and the railroad company that the railroad company would maintain a farm crossing over the strip of land in question, "there is no evidence before you in this case that the plaintiffs," the Kearnses, have in any way succeeded to the rights of their remote grantors, and hence are not entitled to recover. The defendant was not entitled to have the jury so positively instructed as to the nature and effect of the evidence.

Tendered instruction No. 21 has no application to the issues in this case.

Tendered instruction No. 22 requests that the jury be informed that in the appropriation proceedings all

damages were assessed which were incident to the appropriation proceedings. As stated in this tendered instruction such a declaration would have confused the jury as to its right of recovery for the crossing provided for in the covenant.

Tendered instruction No. 23 is as follows: "The right of the plaintiff to recover damages from the defendant in this case, in event you find from a preponderance of the evidence that all the material allegations of either paragraph of the complaint have been proven thereby, is such damages as a preponderance of the evidence shows it would cost to construct a crossing across the right of way of the defendant conveyed under said deed from the Sweetsers to the Chicago, St. Louis & Pittsburgh Railroad Company, but not the building of such crossing across the strip of land which the defendant acquired from the plaintiffs by the appropriation proceedings in 1909; and in addition such sum as it would cost to construct a crossing across such right of way as above stated the plaintiffs would be entitled to recover such sum, if any, as shown by a preponderance of the evidence as would compensate them for the loss of the use and enjoyment of that part of such land, the use and enjoyment of which is cut off, if you find from the evidence that it is cut off by reason of the destruction of such crossing, if you find such crossing was destroyed."

This would have limited plaintiffs' right of recovery, so far as the cost thereof is concerned, to the cost of construction of a crossing over the original right of way, and would not have permitted a recovery for an extension of the overhead crossing made necessary by the additional right of way.

We do not so understand the force and effect of such covenant. In our opinion such covenant is not subject

to such limited construction. It was beyond question intended that thereby the grantees were to be afforded an overhead crossing from one side of appellant's right of way to the other, and to hold that appellant had complied with this agreement by constructing an overhead crossing covering only the original right of way and leaving appellees there suspended over an excavated grade from fifteen to twenty-five feet deep would involve an absurdity, especially as the condemnation proceedings did not in any way affect appellees' rights under this covenant.

Appellant filed a motion in arrest of judgment upon the first paragraph of complaint, and a separate motion upon the entire complaint, based upon the assumed fact that neither the first paragraph nor the entire complaint states facts sufficient to constitute a cause of action. Having held that the first paragraph of complaint was sufficient as against a demurrer based on the same reasons, nothing further need be said upon the motion in arrest.

Appellant filed three motions to modify and correct the judgment. The appellant alleges there was no issue made under which appellees were entitled to recover "the cost of a proper and suitable farm crossing," therefore, there was no basis for a verdict naming the cost of such a crossing; and appellant says that, therefore, the judgment wherein it provides for the recovery of such costs goes beyond the issues.

Appellant further says that the judgment fails to follow the verdict, in that the judgment attempts to give rights and impose obligations not embraced within the verdict wherein the judgment provides an option in appellant to either pay in cash the amount stated in the verdict as the cost of such construction, or construct the crossing at its own expense in discharge of that portion of the judgment. In considering this question we find

that the complaint did allege the cost of the construction of a proper crossing and sought to recover such amount. An issue was made upon this allegation and the jury's verdict was based upon this issue. The judgment followed the verdict, and in addition thereto granted the option above mentioned.

Furthermore, the option granted to construct a proper crossing at appellant's expense *in lieu* of the payment of cash, although not mentioned in the issues or the verdict, was entirely favorable to appellant, granted that it was otherwise obligated to build at its own expense, and if there was error in the insertion of this option in the judgment it was favorable to appellant, because appellant if this portion of the judgment be stricken out still remains liable under the issue, verdict and judgment to discharge said judgment by cash payment. The motions to modify were properly overruled.

Appellant asserts the verdict of the jury does not assess damages against defendant on account of its failure to construct a suitable crossing, but simply finds that the cost of construction will be $2,400, which is not an assessment of that amount.

Fairly considered the verdict does assess $2,400 damages against appellant for its failure to construct. It is true that the verdict describes this amount as being the jury's idea of the cost of such construction, but this does not destroy its effect as a verdict in damages for failure to construct.

The judgment below is affirmed.