The Standard Oil Company v. Bowker.

No. 17,170.

## The Standard Oil Company v. Bowker.

New Trial.—*Rulings on Pleadings Not a Cause for.*—Rulings upon demurrers and motions addressed to the pleadings and in making up the issues can not be assigned as a cause for a new trial.

Practice.—*Hypothetical Question.*—*Right of Party to Have Answer on Facts Claimed to Have Been Shown.*—A party producing an expert witness has a right to his opinion on the facts which he claims to be the facts of the case, if there be evidence tending to establish such claim; and the court can not reject the evidence because he may think such facts are not sufficiently established.

Same.—*Appeal, Pointing Out Objections.*—*Proceedings in Lower Court.*—Counsel on appeal must point out the objectionable proceedings of the lower court; and that objection must appear to have been made to such proceedings in the lower court.

Evidence.—*Construction of Witness's Answer.*—*Presumption.*—If a witness's answer be susceptible of one or more constructions, it will be presumed that the jury gave it the construction which supports their verdict.

Negligence.—If there be several charges of negligence in the complaint, either of which is sufficient to authorize a recovery, it is not necessary to prove all of them.

Same.—*Ill Health of Plaintiff Before Injury.*—*Plaintiff Disobeying His Physician's Instructions.*—The fact that plaintiff disobeyed his physician's instructions, contributing to his diseased condition, does not deprive him of his right to recover damages for the original injury.

Same.—*Master and Servant.*—*Notice of Defective Appliance.*—Where it is alleged that the master constructed the instrument which caused the injury by reason of the defectiveness, it is not necessary to allege that he had notice of such defect.

From the Lake Circuit Court.

*A. D. Eddy* and *J. W. Youche,* for appellant.

*J. C. Blacklidge, C. C. Shirley, B. C. Moon* and *T. J. Wood,* for appellee.

Hackney, J.—The appellee, a servant of the appellant, sued for damages on account of personal injuries sustained while serving the appellant as an engineer.

The Standard Oil Company *v*. Bowker.

The complaint alleged that the appellant supplied, of its own manufacture, a step-ladder to be used by the appellee in oiling, cleaning, repairing and operating the engine in his charge; that said step-ladder contained no visible defects or imperfections, but that it was so defectively constructed as to have occasioned the injury complained of; that its defects were in the fastening of the top step to the side supports with nails that were too small, and in driving such nails through such step and into the ends of the side supports, with the grain of the wood, so that such nails would easily become loosened and said side supports would draw apart; that having gone upon the ladder to oil the engine said nails did become loosened and permitted the parts of the ladder to separate and fall, thereby precipitating the appellee upon the fallen ladder and inflicting the injuries complained of.

One of the reasons stated in the lower court in support of the appellant's motion for a new trial, was that the court erred in overruling the appellant's motion to require the appellee to make more specific certain allegations of his complaint.

In presenting in this court the alleged error of the trial court in overruling the motion for a new trial, appellant urges the denial of its motion to require the complaint to be made more specific. Rulings upon demurrers and motions addressed to the pleadings and in the making up of the issues can not be regarded as proper parts of the trial and have no place properly in a motion for a new trial. Elliott's App. Proced., sections 347, 348, and cases there cited.

No question, therefore, is presented in this court upon that element of the motion for a new trial.

It is complained that there was no sufficient proof of the allegation of the complaint that prior to the occur-

rence complained of, the appellee was "in perfect health and sound physical condition." There was not only direct evidence upon the subject, but there were circumstances shown from which the jury might reasonably have inferred that the appellee possessed no considerable injury or impairment of health. However, if there were no such evidence, we are not advised of the value of that fact in support of the motion for a new trial upon the ground that the verdict was not sustained by the evidence. The significance of evidence or its absence, upon this question, was in determining the extent of the injury and not the existence of injury from the fall. That there was injury from the fall, there is no reasonable doubt upon the evidence. If the presence of prior ill-health or injury should have been considered by the jury, it was but to control the amount of the damages and not as denying damages altogether.

The alleged absence of such evidence is further urged in support of the contention that certain hypothetical questions, in which it was assumed that the appellee had been in good health prior to the fall, were improperly admitted. The presence of evidence, as we have suggested, tending to support the assumption, would be a sufficient answer to this contention. "The party has the right to the opinion of the expert witness on the facts which he claims to be the facts of the case, if there be evidence in the case tending to establish such claimed facts, and the trial judge ought not to reject the question because he may think such facts are not sufficiently established." *Louisville, etc., R. W. Co.* v. *Falvey*, 104 Ind. 409; *Conway* v. *State*, 118 Ind. 482.

If, however, there were no evidence tending to support the assumption, we would be required to hold the question not properly presented for decision. Reference is made in appellant's brief to witnesses, pages and lines

of the record for the evidence to which objection is now urged, and in two instances we find no such evidence as indicated, and in the other instances we find no objection stated in the record to the questions now complained of.   That counsel must point out the objectionable proceeding of the lower court, and that objection must appear to have been made to such proceeding in the lower court, are rules of practice of constant application by this court.

Counsel complain further that the trial court permitted hypothetical questions containing the assumption that the nails alleged to have drawn from the side supports of the ladder had been driven "with the grain" of the wood.   The record discloses objections to the hypothetical questions pointed out, but the objections made in the lower court do not contain the particular objection here urged.   We may say, however, as was said with reference to the question just considered, that there was evidence tending to support the assumption of the question now objected to.   The ladder was before the jury and its construction exhibited, while at least one witness testified upon the subject.   After having examined the ladder the witness answered the following questions:

"In your opinion would a step-ladder, constructed like the one in evidence, with supports under the top board that supports the length of it, width of the top board, and supporting it underneath, the top board being nailed to the sides of the ladder, be properly constructed?"

"No, I do not think it would."

"In what particular?   On account of that top board with the stepping, the continual use of that and the pressure coming on the legs in front is liable to loosen them nails going with the grain of the wood."

Counsel differ in their punctuation of this ungram-

matical answer, but we give it as written in the record, and we have no doubt that the witness intended to indicate a weakness in the construction of the ladder by reason of the nails having been driven "with the grain of the wood."

If the construction were in doubt, the jury were the interpreters, and will be presumed to have given the construction which supports the general verdict.

The alleged absence of evidence that the nails were so driven, is urged in support of the contention that the verdict was not supported by the evidence. What we have already said should be a sufficient answer to this proposition, but we may suggest the further conclusion that the charge of negligence in the construction of the ladder was not alone in the driving of the nails with the grain of the wood, but was in the use of nails too small to hold the board upon its supports. We know of no reason why the latter charge of negligence, in the absence of the former, would not be sufficient, if proven, to support the verdict.

The appellee maintains, and the appellant concedes, that where there are several charges of negligence, either of which is sufficient, it is not necessary to prove the several charges, and we have no doubt this is the law. *Long* v. *Doxey*, 50 Ind. 385; *St. Louis, etc., R. W. Co.* v. *Valirius*, 56 Ind. 511; *Owen* v. *Phillips*, 73 Ind. 284; *Phœnix, etc., Life Ins. Co.* v. *Hinesley*, 75 Ind. 1.

The theory of the appellee, as disclosed by the evidence, was that the engineer who had served through the day had permitted the floor, at a point where it was necessary to stand to oil a journal, four and one-half feet above the floor, to become greasy and unsafe; that he might oil the same without danger to himself, the appellee constructed a platform from which to oil said journal, and that while upon the step-ladder for the pur-

pose of going upon said platform, the ladder separated and its parts fell, with the result complained of. Upon the whole evidence, there was conflict as to the existence of grease upon the floor and as to the necessity for the platform.

The appellant, assuming that the platform was unnecessary, and a mere convenience for the appellee, insists that "the construction of the same was the proximate cause of the injury, and was in the nature of contributory negligence."

We are not permitted to adopt this assumption since it was the province of the jury to determine the conflict in the evidence as to the necessity for, and the care in, the use of the platform. We can not say, therefore, as a matter of law, that it was contributory negligence to have used the platform, nor can we accept the suggestion that the construction of the platform was the proximate cause of the injury. That the falling step-ladder was the immediate cause of the injury, there is no room to doubt; that its use may have been unnecessary, does not remove the proximity of cause; that the existence of the platform may have been a concurring cause, does not deny that the falling of the ladder was the primary contributing cause.

It is argued further that the appellee, having disobeyed the instructions of his physician, in taking improper exercise, contributed to his diseased condition. While this may be true that fact would not deprive him of damages for the original injury, but would probably permit an inquiry as to the extent of the injury sustained alone from the fault of the appellant. In other words, the question is one of the amount of damages and not of the right to recover damages.

It is next insisted that it was essential to a recovery

by the appellee that the master be shown to have had notice or that he should have known of the defects alleged to have occasioned the injury. The allegation was that the ladder was manufactured and supplied by the appellant. The evidence, without the slightest room for doubt, supported that allegation.

There is no pretense that the servant who constructed the ladder was a fellow-servant of the appellee. However, the fellow-servant rule has many times been held not to obtain where the breach, resulting in injury, is of a duty owing by the master to an injured servant. *Louisville, etc., R. W. Co.* v. *Berkey, Admr.*, 136 Ind. 181, and authorities there cited.

Having manufactured and supplied the ladder, the appellant was chargeable with such knowledge of its defects as ordinary care, during such manufacture, would have discovered. *Indiana, etc., R. W. Co.* v. *Snyder*, 140 Ind. 647; *Louisville, etc., R. W. Co.* v. *Berkey, supra; Louisville, etc., R. W. Co.* v. *Hicks*, 11 Ind. App. 588.

The manner of construction and the opportunities for the company, through its manufacturing agents, were questions for the jury and from which to pass upon the existence of knowledge in fact or of such facts as would charge knowledge. There was, as we have seen, evidence upon the subject and it is not our province to pass upon any conflict therein.

We find no available error in the record and the judgment of the circuit court is affirmed.

Filed April 4, 1895.