## Brady et al. v. Garrison et al.

[No. 22,295. Filed November 7, 1912.]

1. DRAINS.—*Proceedings to Establish.—Appeal.—Requisites.*—Under §6143 Burns 1908, Acts 1907 p. 508, §4, no appeal can be taken from a judgment establishing a drain, unless an appeal bond is filed within thirty days from the rendition of the judgment, to the approval of the court or the clerk in vacation, and the transcript of the record, including all bills of exceptions, is filed in the office of the Clerk of the Supreme Court within sixty days after the filing of the appeal bond. p. 460.

2. APPEAL.—*Perfecting.—Time for Filing Transcript and Assignment of Errors.*—An appeal must be taken within the time limited by statute, and unless the transcript and assignment of errors are filed within that time, there is no cause in the court. p. 460.

3. APPEAL.—*Perfecting.—Failure to Perfect in Time.—Extension of Time.*—Where appellant's failure to perfect his appeal in time is caused by the violence or fraud of the appellee, or is due to accident or excusable mistake, the Supreme Court may grant an appeal on a proper application. p. 461.

4. APPEAL.—*Perfecting.—Failure to Perfect in Time.—Application for Leave to Prosecute.—Sufficiency.*—Where, in a drainage case, appellants had failed to file the transcript and assignment of errors within sixty days after filing the appeal bond, an application for leave to prosecute the appeal, in which it is not claimed that appellants were prevented from perfecting the appeal by any violence or fraud of the appellees, and in which no mistake of fact or excusable neglect is shown, and from which it appears that an oral request to the clerk of the trial court to prepare the transcript was not made until twenty-seven days after judgment was rendered, and that the written precipe was not filed with such clerk until fifty-seven days after the judgment was rendered, is insufficient, in the absence of a showing that if the transcript had been ordered at an earlier date the appeal could not have been perfected within the time limited by statute. p. 461.

From the Superior Court of Tippecanoe County, *James V. Kent*, Special Judge.

Petition by Stephen W. Brady and others for leave to prosecute an appeal from a judgment in favor of Jacob Garrison and others establishing a drain. *Petition denied.*

*Parks & Parks, Thompson & McAdams, Charles E. Lake, Joseph B. Ross, Wilson & Quinn,* for appellants.

*Edgar D. Randolph* and *Emory B. Sellers,* for appellees.

MONKS, J.—This is an application by Stephen W. Brady *et al.* for leave to file a transcript and an assignment of errors, and to prosecute an appeal from a judgment of the Superior Court of Tippecanoe County, rendered March 30, 1912, establishing a drain under the drainage law of 1907 (Acts 1907 p. 508, §6140 *et seq.* Burns 1908).

Under the provisions of §6143 Burns 1908, Acts 1907 p. 508, §4, no appeal can be taken from the judgment establishing the drain, unless an appeal bond is filed within

1. thirty days from the rendition of the judgment "to the approval of the court or the clerk in vacation, and the transcript of the record, including all bills of exceptions, filed in the office of the Clerk of the Supreme Court within sixty days after the filing of the appeal bond." *Prough* v. *Prough* (1910), 174 Ind. 57, 58, 60, 91 N. E. 337.

At the time said judgment was rendered, on March 30, 1912, the applicants prayed an appeal, which was granted, on filing an appeal bond within thirty days, and sixty days were given within which to file a bill of exceptions. The appeal bond was filed April 27, 1912, but the appeal was not perfected within sixty days after filing the appeal bond, but on the day after the expiration of the time the record, with an assignment of errors indorsed thereon, was presented to the clerk of this court, who refused to file the same, because it was not presented within the time provided by law. This, then, is a case where the petitioners have failed to perfect their appeal within the time limited by positive law.

2. It has been held uniformly by this court that an appeal must be taken within the time limited by statute, and that unless the transcript and assignment of errors are filed within that time there is no cause in this

court. *Smythe* v. *Boswell* (1889), 117 Ind. 365–367, 20 N. E. 263, and cases cited; *Bank of Westfield* v. *Inman* (1892), 133 Ind. 287, 32 N. E. 885, and cases cited; *Chicago, etc., R. Co.* v. *Walton* (1905), 165 Ind. 642, 644, 645, 74 N. E. 988, and cases cited; *Board, etc.,* v. *City of Terre Haute* (1897), 147 Ind. 134, 46 N. E. 350, and cases cited; *Brown* v. *Brown* (1907), 168 Ind. 654, 80 N. E. 535.

It has been held, however, that where an appellee, by violence or fraud, has prevented appellant from perfecting his appeal in time, or where appellant's failure to perfect

3. his appeal was due to accident or excusable mistake, this court may grant an appeal on a proper application. But this extraordinary power will never be exercised except when appellant presents a meritorious case, in which he has been free from negligence, and appellee's conduct or the accident or mistake relied on is clearly established. *Smythe* v. *Boswell, supra,* and cases cited; *Bank of Westfield* v. *Inman, supra; Hutts* v. *Martin* (1892), 131 Ind. 1, 30 N. E. 698, 31 Am. St. 412; *Hurst* v. *Hawkins* (1907), 39 Ind. App. 467, 76 N. E. 216, 80 N. E. 42; Elliott, App. Proc. §§113–116; Ewbank's Manual §101.

It appears from the application, affidavits and the certified copy of the written precipe, that the appeal bond was filed and approved on April 27, 1912, at which time

4. said applicants orally directed the clerk of the court below to prepare a full, true and complete transcript of the entire record for use on appeal to the Supreme Court; that the bill of exceptions containing the evidence was signed by the judge and filed on May 27, 1912, on which day the applicants filed a written precipe "for a transcript of the entire record in said cause and the original bill of exceptions," as provided in §667 Burns 1908, Acts 1903 p. 338; that the transcript was completed and delivered to the applicants on June 25, 1912, at 11:30 a. m.; that applicants at once proceeded to page and index said transcript

and make marginal notes thereon, and to have the same bound, as required by the rules of this court, all of which was not completed until June 27, 1912, when said transcript, with assignment of errors, was presented to the clerk of this court for filing, and he refused to file it.

It is not claimed that the parties in whose favor said judgment was rendered have been guilty of any violence or fraud which has prevented the applicants from perfecting said appeal, nor is any mistake of fact or excusable mistake set forth in the application.

The magnitude of the record is no excuse for not perfecting the appeal. The magnitude of the record was known to all the parties to the cause, or could have been known when the judgment was rendered.    It will be observed that the oral order for the transcript was not made until twenty-seven days after the judgment was rendered, and that the written precipe for the same, as provided for in §667 Burns 1908, Acts 1903 p. 338, was not filed with the clerk of the trial court until fifty-seven days after the judgment was rendered.

Under such circumstances, it cannot be said that applicants were free from negligence, for there is nothing to show that if the transcript had been ordered at an earlier date the appeal could not have been perfected within the time limited by statute.

It is not necessary to decide whether an order for a transcript can be shown in any other manner than by the written precipe provided for in §667, *supra,* for the reason that if it can, the applicants have not brought themselves within the rule declared in this State, permitting an appeal after the expiration of the time allowed by law.

The application is, therefore, denied, and leave to file said transcript and prosecute said appeal is refused.

NOTE.—Reported in 99 N. E. 738.  See, also, under (1) 14 Cyc. 1046;  (2) 2 Cyc. 789;  (3) 2 Cyc. 801.