DECKER ET AL. *v.* MAHONEY ET AL.

[No. 9,251. Filed May 18, 1917.]

1. APPEAL.—*Presenting Questions for Review.—Briefs.—Sufficiency.*—The overruling of demurrers to cross-complaints will not be reviewed where appellants fail to show in their original brief that exceptions were reserved to the action of the trial court, since appellant is required to so prepare his original brief that all questions presented by the assignment of errors can be determined without looking to the record; nor can such an omission be supplied in the reply brief. p. 503.

2. APPEAL.—*Brief.—Sufficiency.*—Error in overruling a motion for a new trial is waived as to grounds not presented as error in appellant's briefs. p. 504.

3. NEW TRIAL.—*Grounds.—Ruling on Demurrers.*—The action of the trial court in overruling demurrers to cross-complaints is not available as a ground for a new trial. p. 504.

4. APPEAL.—*Questions Reviewable.—Objections to Evidence.—Briefs.*—Alleged error in the admission of evidence will not be reviewed on appeal where appellant's brief fails to disclose that the party objecting stated to the court at the time the evidence was offered the specific objection on which he relies. p. 504.

5.   QUIETING TITLE.—*Evidence.—Sufficiency.*—In an action to quiet title, where the evidence showed that cross-complainants were in undisputed possession of the land in controversy under a claim of ownership, and that they had made improvements at the time of the acquisition of the title asserted by complainants, though the deeds under which cross-complainants asserted title failed through mutual mistake to include such land, such evidence is sufficient to sustain a judgment for cross-complainants, especially where the evidence fails to show any deed to plaintiff's grantors from cross-complainant's grantor.   p. 505.

6,   QUIETING TITLE.—*Cross-Complaint.—Demand.—When Necessary.*—A cross-complaint in an action to quiet title need not allege demand as such allegation is unnecessary where the cross-complainant is not the moving party, but is brought into court by his adversary.   p. 508.

7.   EVIDENCE.—*Deeds.—Varying by Parol.*—In an action to quiet title, parol evidence on the issue as to whether one cross-complainant sold the land in controversy to plaintiff's grantors and thereby gave them title which they could transfer to plaintiffs was properly admitted as against the objection that it tended to vary the deed to plaintiffs to which such cross-complainant was not a party, and to vary a deed executed by such cross-complainant, which deed was not in evidence, nor was secondary evidence of its contents given, so that it could not be determined whether such deed was free from ambiguity.   p. 509.

8.   VENDOR AND PURCHASER.—*Innocent Purchaser.—Notice of Adverse Possession.*—In an action to quiet title, where there was evidence tending to show that plaintiffs, at the time they purchased the land in controversy, knew that cross-complainants were in possession and made no inquiry as to the nature of such possession, plaintiffs bought the realty at their peril and could not prevail as innocent purchasers.   p. 509.

From Madison Circuit Court; *Luther F. Pence,* Judge.

Action by John M. Decker and others against Mary E. Mahoney and others. From the judgment rendered, the plaintiffs appeal. *Affirmed.*

*Jesse C. Shuman* and *Alfred Ellison,* for appellants. *Kittinger & Diven,* for appellees.

BATMAN, J.—This action involves the title to a strip of land twenty-five feet wide. Appellants filed their complaint against appellees to quiet their title to cer-

tain real estate, which included the strip of land in controversy, alleging that they were the owners thereof in fee simple by entireties; and that appellees, without right, were claiming some interest therein, which cast a cloud on their title.

Appellee Mary E. Mahoney filed an answer in general denial, and also a cross-complaint against appellants to quiet her title to certain real estate, which included a portion of the strip of land in controversy, alleging, among other things, in substance, that she was the owner in fee simple, and in possession of the same; that she had theretofore made certain sales and conveyances of land owned by her, in which, by the mistake of all the parties, a portion of the strip of land in controversy was included; that said real estate so sold and conveyed by her had passed by means of subsequent conveyances to appellants and her coappellees, but that in making the subsequent conveyances, all the parties made mistakes and followed said erroneous descriptions used by her in making such original deeds; that the claim of ownership asserted by appellants in a portion of her said real estate was without right, and had cast a cloud on her title. The prayer asks for judgment reforming said deeds and quieting her title.

Appellees James Briscoe and Florence Briscoe filed answer in general denial, and also a cross-complaint against appellants and their coappellee to quiet their title to certain real estate, which included a portion of said strip of land in controversy, alleging among other things, in substance, that they became the owners of their said real estate by conveyance from the grantee of said Mary E. Mahoney; that in each of said deeds there was a mistake by all the parties and the scrivener in writing the description, whereby a portion of the strip in controversy was omitted therefrom; that appellants are claiming, without right, to have

some interest in their said real estate. The prayer asks for judgment quieting their title. Appellants filed separate demurrers for want of facts to each of said cross-complaints, which were overruled, and then filed general denials as answers thereto. Trial was had by the court, a finding was made in favor of appellants as to all real estate described in their complaint, except the twenty-five-foot strip of land in controversy, and in favor of appellees as to all the real estate described in their cross-complaints, including the twenty-five-foot strip of land in controversy. Judgment was rendered accordingly. Appellants filed their motion for a new trial, which was overruled and a proper exception reserved. Appellants are now prosecuting this appeal for the reversal of such judgment, and have assigned as errors the action of the court in overruling their demurrers to each of said cross-complaints of appellees, and in overruling their motion for a new trial.

Appellants have failed to show in their original brief that any exceptions were reserved to the action of the court in overruling such demurrers. This being

1. true, there is no question for the determination of this court with reference thereto, as under the rules a party seeking a reversal on appeal must so prepare his original brief that all questions presented by the assignment of errors can be determined without looking to the record. It has been uniformly held that to the extent that the rules have been complied with, the errors assigned will be determined, and all others will be considered waived. Ewbank's Manual (2d ed.) §181; *Lake Erie, etc., R. Co.* v. *Shelley* (1904), 163 Ind. 36, 71 N. E. 151; *American Fidelity Co.* v. *Indianapolis, etc., Fuel Co.* (1912), 178 Ind. 133, 98 N. E. 709. Appellants have sought to supply this omission in their reply brief, but it has been held that such

an omission in the original brief cannot be so supplied. *Albaugh Bros., etc., Co.* v. *Lynas* (1910), 47 Ind. App. 30, 93 N. E. 678; *Fox* v. *Worm* (1913), 55 Ind. App. 516, 104 N. E. 93.

The only remaining error assigned is the action of the court in overruling appellant's motion for a new trial. The first two reasons stated in such motion relate to the action of the court in permitting appellees to file their cross-complaints after the issues were closed and evidence was heard. Appellants have waived any such errors by not presenting the same in their brief in any form. *Stewart* v. *Stewart* (1910), 175 Ind. 412, 94 N. E. 564; *Stauffer* v. *Hulwick* (1911), 176 Ind. 410, 96 N. E. 154, Ann. Cas. 1914A 951; *Owen* v. *Harriott* (1910), 47 Ind. App. 359, 94 N. E. 591; *Chicago, etc., R. Co.* v. *Collins* (1915), 59 Ind. App. 572, 108 N. E. 377, 1135.

The third and fourth reasons stated in the motion for a new trial relate to the action of the court in overruling appellants' demurrers to appellees' cross-complaints. These are not recognized causes for a new trial, and have no place in a motion therefor. *Hardison* v. *Mann* (1898), 20 Ind. App. 404, 50 N. E. 899; *Helberg* v. *Hammond, etc., Assn.* (1902), 31 Ind. App. 58, 67 N. E. 111; *Huber Mfg. Co.* v. *Blessing* (1912), 51 Ind. App. 89, 99 N. E. 132.

The fifth, sixth, and seventh reasons stated in the motion for a new trial relate to errors of the court in the admission of evidence. In order for any such error to be available on appeal, it is necessary that the objecting party state to the trial court the specific objections on which he relied for the exclusion of such evidence, at the time it was offered, and only such objections so stated will be considered on appeal. *Ohio, etc., R. Co.* v. *Walker* (1888), 113 Ind. 196, 15 N. E. 234, 3 Am. St. 638; *Musser* v. *State*

(1901), 157 Ind. 423, 61 N. E. 1; *Malott* v. *Central Trust Co.* (1906), 168 Ind. 428, 79 N. E. 369, 11 Ann. Cas. 879. Appellants' brief does not disclose a compliance with this rule in the court below, and hence there is no question presented for our determination in regard to the admission of evidence.

The eighth and ninth reasons stated in the motion for a new trial are that the decision of the court is not sustained by sufficient evidence, and that it is contrary to law, which we shall now consider.

5. An examination of the record discloses that the evidence given on the trial in the court below tends to establish the following facts, pertinent to the issues: In December, 1896, appellee Mary E. Mahoney was the owner and in possession of all the land described in the complaint and cross-complaints. It is located in the northeast corner of the west half of the northwest quarter of section 18, township 19 north, range 8 east. The north line is twenty-five feet south of the north line of said half-quarter section, and the east line is thirty feet west of the east line of said half-quarter section, the intervening strips being used as streets. In September, 1900, said Mahoney and her husband sold to Ida E. Mason a portion of such land, forty feet in width and 156 feet in length, lying south of the street on the north side of said land, and put her in possession thereof. The correct description of such portion begins at a point 102 feet west and twenty-five feet south of the northeast corner of said half-quarter section, and runs west forty feet, south 156 feet, east forty feet, north 156 feet to the place of beginning, but, by the mutual mistake of the parties, it was assumed that the north line of said tract of land coincided with the north line of said half-quarter section, and by reason of such fact the description written in the deed therefor began 102 feet west of the northeast corner of such quarter sec-

tion, and ran the several directions and distances given. Thus the land actually sold extended twenty-five feet farther south ·than the land described in such deed. Afterwards, in April, 1906, the said Ida E. Mason and her husband sold said portion owned by her to appellees Briscoe and Briscoe, and put them in possession thereof, but by a like mutual mistake of the parties the same erroneous description set out above is contained in the deed therefor.* The said Briscoe and Briscoe and their grantors, near and remote, have been in continuous possession of that portion of said land covered by said correct description since December, 1896, and have made improvements thereon in the way of fencing and a small building. In August, 1908, appellee Mahoney sold another tract of land of like dimensions, lying immediately west of said tract sold to said Mason, to one Arstingstall. Arstingstall sold the same to Benjamin P. Shaw and Elizabeth Shaw, who in turn sold it to appellants in February, 1914. In each of the deeds executed in pursuance of said several sales a similar mistake was made in the description as was made in the deed from Mahoney to Mason. That after said sales the said Mahoney still owned that portion of the land in controversy, lying to the east, south and west of said portions so sold. That while the owner thereof, an east and west driveway, fourteen feet wide, was laid out by agreement of the adjacent landowners, in such manner that its center line was 181 feet south of the north line of said half-quarter section, and extended west from the street on the east of such land a distance of about 150 feet, thus occupying seven feet in width off of the south side of said tracts of land so sold; that such driveway was improved with cinders and used as a means of ingress and egress to and from the adjacent property; that in the year 1910, subsequent to the establishment and improvement of the

driveway, appellee Mary E. Mahoney, as she testified, sold to said Shaw and Shaw all of the real estate owned by her south of the cinder driveway, which was designated as the north line of the land so sold; that Shaw and Shaw thereupon took possession of said land south of such driveway, but did not take possession of any part of the land in controversy; that thereafter Shaw and Shaw sold said land so purchased of appellee Mary E. Mahoney to appellants, and placed them in possession thereof, but, by the mutual mistake of the parties, the description in the deed therefor included a strip of land twenty-five feet in width lying north of the center of said driveway and extending east and west across the tracts of land owned by appellees, which said strip is the land in controversy in this action; that at the time appellants purchased said land and took a deed therefor appellees were in possession of the land in controversy, under claims of ownership, and had theretofore constructed therein a coal house, a chicken house and fencing, which were still on the real estate in controversy at the time appellants made their said purchase of Shaw and Shaw; that at the time of such purchase appellants had knowledge of appellees' possession of the land in controversy, and had no knowledge that the description in their deed included the same; that appellees have never yielded possession thereof to appellants, but have continuously denied them such possession, and claimed that they have no rights therein. True, there was some conflict in the parol evidence, but there was some evidence tending to prove each of such facts, and we are therefore bound by the conclusion of the trial court with reference thereto. The decision of the court was adverse to appellants and correctly so. They alleged in their complaint that they were the owners of the land in controversy in fee simple, but the evidence fails to dis-

close title of any kind in them. They appear to base their claim of title on their deed from Shaw and Shaw, but the evidence fails to disclose any conveyance from appellee Mahoney to their said grantors, and the absence of such conveyance is a fatal defect in their chain of title. On the other hand the facts stated above sustain the allegations of the cross-complaints of appellees, and fully support the judgment of the court below. *Bush* v. *Hicks* (1875), 60 N. Y. 298; *Goode* v. *Riley* (1891), 153 Mass. 585, 28 N. E. 228.

Appellants seek to avail themselves of the absence of allegations of a demand in appellees' cross-complaints, and of proof thereof on the trial. It has

6. been held that no such allegations and proof are necessary where the cross-complainant is not the moving party, but is brought into court by his adversary and challenged to litigate the matters in controversy. *Stix* v. *Sadler* (1887), 109 Ind. 254, 9 N. E. 905; *Harshman* v. *Mitchell* (1889), 117 Ind. 312, 20 N. E. 228; *Nichols, etc., Co.* v. *Berning* (1905), 37 Ind. App. 109, 76 N. E. 776.

Appellants also seek to have the rule applied that where a deed is free from ambiguity its description cannot be varied by parol evidence, except in an action to reform the same. They assert that appellee Mary E. Mahoney executed a warranty deed, free from ambiguity, to Shaw and Shaw, for the real estate in controversy, who executed to appellants a like deed; that such deeds have not been reformed, and hence their descriptions cannot be varied by parol evidence; and that appellee Mary E. Mahoney is bound thereby; that the judgment in this case can only be sustained by violating such rule, which the law will not permit.

We cannot concur with appellants in this contention. Appellees are in no way bound by the deed of Shaw

Decker v. Mahoney—64 Ind. App. 500.

and Shaw to appellants, as they were not parties thereto. The deed of appellee Mary E. Mahoney to Shaw and Shaw is not in evidence and no secondary evidence of its contents was given. Hence we do not know what it contains, and cannot say that it was free from ambiguity. Under these circumstances the trial court was justified in considering the parol evidence given in determining whether or not appellee Mahoney sold the land in controversy to Shaw and Shaw, and thereby gave them any title, which they could transfer to appellants, as that was the only evidence on that subject. Such rule, therefore, was not violated as contended by appellants.

Appellants contend that they are innocent purchasers of the land in controversy, and that the judgment violates their rights as such. There was evidence tending to show that they were not innocent purchasers as claimed, and the court may have so found. This evidence tended to show that appellants, at the time they purchased the land of Shaw and Shaw, had knowledge that appellees were in possession of the land in controversy, and made no inquiry as to the nature of their possession. Such knowledge would have been sufficient to put them on inquiry to ascertain what interest appellees had in such land, and if they failed to inquire, they bought at their peril. *Jeffersonville, etc., R. Co.* v. *Oyler* (1878), 60 Ind. 383; *Dyer* v. *Eldridge* (1894), 136 Ind. 654, 36 N. E. 522; *Rothschild* v. *Leonhard* (1904), 33 Ind. App. 452, 71 N. E. 673.

It follows from what we have said that the court did not err in overruling appellant's motion for a new trial. Judgment affirmed.

NOTE.—Reported in 116 N. E. 57. See under (5) 32 Cyc 1372; (6) 32 Cyc 1363; (7) 17 Cyc 748; (8) 39 Cyc 1744.