STATE EX REL. PRICE *v.* WEIR, JUDGE.

[No. 26,770.  Filed November 17, 1936.]

*J. Fred Masters,* for appellant.

*Holmes & Holmes,* for appellee.

HUGHES, C. J.—This is an original action filed in this court for the purpose of prohibiting the Marion Superior Court and the judge thereof from exercising further jurisdiction in the case of *Judith Price* v. *David*

*E. Price* after the cause had been sent to the Hamilton Circuit Court on a change of venue.

The plaintiff filed her complaint for divorce and petition for support *pendente lite* in the Marion Superior Court on June 23, 1936. On September 15, 1936, the court, after hearing evidence, entered an order against the defendant, relator herein, to pay to the clerk of said court a certain sum of money for the support of the plaintiff *pendente lite,* and also a certain amount on account of attorney's fees for plaintiff. On September 10, 1936, the defendant filed a cross-complaint for divorce, and, at the same time filed an affidavit and motion for a change of venue from the county. After the entry of September 15, 1936, for support money and attorney's fees, the motion for a change of venue from the county was sustained, and the cause was sent to the Hamilton Circuit Court, and the change of venue perfected within the time allowed. After said cause was sent to the Hamilton Circuit Court, the relator herein filed a petition and motion in said court to set aside the order made in the Marion Superior Court on September 15, 1936, providing for support money and attorney's fees; and, after a hearing and argument by the attorneys for the plaintiff and defendant, the Hamilton Circuit Court set aside said order, and held the same null and void.

On October 2, 1936, the Honorable Clarence E. Weir, Judge of the Marion Superior Court, had issued and served upon the relator herein an order of citation ordering and directing him to appear in the Marion Superior Court before the said Judge Weir on October 10, 1936, to show cause why he, the relator, should not be punished for contempt for failure to pay the amount to the clerk as fixed in the order of the Superior Court of Marion County on September 15, 1936.

A temporary writ of prohibition was granted by this

court prohibiting the Marion Superior Court and the judge thereof from exercising further jurisdiction in this cause and to show cause, if any, why the writ should not be made permanent.

Section 3-2201, Burns' Ind. St. 1933, section 1090, Baldwin's 1934, provides:

"... writs of prohibition may issue out of the Supreme Court to such circuit, superior, criminal, probate, juvenile or municipal courts, respectively, to restrain and confine such circuit, superior, criminal, probate, juvenile or municipal courts, respectively, to their respective, lawful jurisdiction."

If the Superior Court of Marion County and the judge thereof had no jurisdiction to punish the relator for contempt for failure to comply with its order, then the writ of prohibition is a proper remedy.

In the case of *State ex rel. Neal* v. *Superior Court of Marion County, Room 2 et al.* (1931), 202 Ind. 456, 460, 174 N. E. 732, it is said:

"But, if a regular and valid order of a court (granting a motion for a change of venue) divests it of jurisdiction of a case and another court lawfully acquires jurisdiction thereof, the first court, by a later order, cannot recall the case or exercise any further jurisdiction therein."

In the instant case, there was a valid order granting the change of venue, and the cause was sent to the Hamilton Circuit Court, and was properly docketed in said court when the order of citation was made in the Marion Superior Court.

In the case of *Hawkins et al.* v. *The State* (1890), 125 Ind. 570, 572, 25 N. E. 818, it is said:

"The removal of the cause from the Daviess Circuit Court to the Martin Circuit Court vested the latter tribunal with plenary jurisdiction of the cause and all its incidents, and the former court had no longer any jurisdiction. It was the process of

the Martin Circuit Court that was resisted, and that court was the proper tribunal to punish those who were guilty of contempt in resisting its process and the officers charged with the duty of executing that process."

Also see *Niagara Oil Company* v. *Jackson et al.* (1911), 48 Ind. App. 238, 91 N. E. 825.

In the instant case, after the change of venue was completed, the jurisdiction for all purposes was in the Hamilton Circuit Court, and the Marion Superior Court lost all jurisdiction of the cause and its incidents. If the relator was guilty of contempt, then the Hamilton Circuit Court would be the one to fix the punishment, and not the Marion Superior Court. It appears both from the petition and the return or response that at the time the order for citation was issued the Hamilton Circuit Court had, in a regular manner, set aside and held for naught the order made on September 15, 1936, by the Marion Superior Court, providing for allowances. It was within the power and jurisdiction of the Hamilton Circuit Court to do this. And even though the order had not been set aside, the Marion Superior Court would have had no power to punish the relator for contempt for failure to comply with the order made on September 15, 1936, for the reason that that court had no judisdiction of the cause or of any of its incidents on October 2, 1936, when the order for citation was issued. Complete jurisdiction, for all purposes of the cause, was then in the Hamilton Circuit Court.

The temporary writ of prohibition is hereby ordered made permanent.