## STOCKER ET AL. v. CITY OF HAMMOND.

[No. 27,098. Filed October 17, 1938. Rehearing denied
November 29, 1938.]

*D. J. Bentall, H. E. Baker* and *John H. Kingsbury,*
for appellants.

*Harry H. Stilley* and *Galvin, Galvin & Leeney,* for
appellee.

SHAKE, J.—The appellee has presented a motion to
dismiss this appeal. The proceeding is an attempt to
review a judgment rendered by the court below on an
appeal from a decision of the Board of Park Commis-
sioners of the city of Hammond, under Chapter 245,
Acts of 1933, §§48-4501 to 48-4509 Burns' Ann. St.
1933, §§11576 to 11584 Baldwin's Ind. St. 1934. The
chronology of the proceeding as disclosed by the verified
motion to dismiss the appeal and the appellants' reply

thereto is as follows: Complaint to review the proceedings of the Park Commissioners was filed in the court below on November 19, 1937. A trial was had resulting in a judgment on February 7, 1938. On March 8th the present appellants filed a motion for a new trial, which was denied on March 15th. On April 5th appellants gave notice of appeal and filed proof thereof in the office of the clerk of the court below. A transcript was filed with the clerk of this court on June 15th, and the cause was submitted on June 18th.

Without quoting the statute under which this proceeding is prosecuted, it is sufficient to point out that section 6 thereof (§48-4506 Burns 1933, §11581 Baldwin's *supra*) provides that a petition for a rehearing may be filed by any party within fifteen (15) days after the decision, order and judgment of the trial court. There may be an appeal to this court from the ruling on the petition for rehearing, and it is specifically provided that "such appeal shall be governed by the provisions of the Civil Code, except that it shall be fully perfected within sixty (60) days from such final ruling and action of the court upon such petition for a rehearing."

Appellee seeks a dismissal of the appeal on the following grounds: first, that appellants did not file a petition for rehearing within fifteen (15) days after judgment in the court below, but filed a motion for a new trial twenty-nine (29) days after judgment; second, that appellants did not perfect their appeal to this court within ninety (90) days, as required by rule 1 of this court promulgated on June 21, 1937. It is not necessary for us to consider the first proposition, but we will pass on the question as to whether the appeal was taken in time.

It was within the power of the General Assembly to impose conditions upon which an appeal might be prose-

cuted in a case of this character. The only effect  our rule 1 could possibly have on these legislative conditions would be to extend the time for appeal to ninety (90) days. We do not now decide that matter because, in any event, rule 1 did not abrogate that part of the statute which requires the appeal to be "fully perfected" within the time allowed.

While this court has held in some cases and under some circumstances that an appeal was "taken" by the giving of notice, it seems clear that no appeal may be said to be "fully perfected" until the transcript is filed. In this case the transcript was filed on the ninety-second (92nd) day after denial of the motion for a new trial.

The appeal is dismissed at the costs of appellants.