BACHELDER ET AL. *v.* PARKER ET AL.

[No. 17,616. Appeal dismissed October 10, 1947. Rehearing denied January 16, 1948.]

*Bachelder, Bachelder, and Fife,* of Indianapolis, attorneys for appellant.

*Earl A. Kightlinger, Paul G. Davis,* and *Herbert E. Wilson,* all of Indianapolis, attorneys for appellee.

BOWEN, C. J.—This appeal is undertaken from the the ruling of the trial court below on a motion to vacate and set aside a judgment. The action in which the original judgment was entered was a suit for annulment brought by Edith Parker, plaintiff, in her maiden name against Jacob Reiss, defendant, and was based upon an alleged void marriage because of a previously undissolved marriage of defendant.

The plaintiff filed a dismissal of her complaint in vacation. The appellants herein, who were Parker's attorneys, then filed a petition for fees. The lower court on the following day dismissed the cause. A petition which was denominated a petition of plaintiff's attorneys to set aside dismissal was filed by appellants. The appellants then filed an affidavit for change of venue from the judge. A special judge was selected who overruled the petition of appellant's to set aside the dismissal. The original judgment of dismissal was entered September 6, 1946. The order overruling the petition of appellants to set aside the dismissal upon which this appeal is based was entered January 21, 1947. The transcript was filed March 21, 1947.

The issue presented by appellees' motion to dismiss this appeal raises the question as to whether or not the appellants can prosecute this appeal which is predicated upon the alleged error of the trial court in refusing to set aside the original judgment of dismissal. The appellees contend in their brief on their motion to dismiss that since the transcript was filed more than ninety days after rendition of the original judgment of dismissal, this court cannot now entertain this appeal, and that an appeal cannot be taken from the action of

the court on appellants' motion to vacate and set aside the judgment of dismissal since the appeal is not prosecuted by or in behalf of any party to the judgment. The parties to the original judgment were the appellees herein, and the appellants were appellee Parker's attorneys.

We are constrained by the authority of *Zimmerman* v. *Zumpfe* (1940), 218 Ind. 476, 33 N. E. 2d 102, to hold that the motion to dismiss is well-founded on the ground that the transcript was not filed within 90 days from the time of the original judgment, and this court, therefore, does not have jurisdiction to entertain this appeal.

The appellee's motion to dismiss this appeal is therefore sustained.

NOTE.—Reported in 74 N. E. 2d 926.