TAYLOR ET AL. *v.* MESKIMEN ET AL.
[No. 29,334. Filed September 22, 1955]

486

*Curtis V. Kimmell, Kimmell & Kimmell,* of Vincennes, *Charles V. O'Connor,* and *Ross, McCord, Ice & Miller,* of Indianapolis (of counsel), for appellants.

*McDonald & McDonald,* of Princton, and *Lewis & Funk,* of Vincennes, for appellees.

EMMERT, C. J.—This is an appeal from a judgment of the Gibson Circuit Court. The action was commenced in the Knox Circuit Court and on June 7, 1952, the venue was changed to the Gibson Circuit Court.

On June 19, 1953, a finding and judgment was entered for the appellees, and on October 21, 1953, appellants' motion for a new trial was overruled.

On January 15, 1954, appellants, under Rule 2-2, sought and obtained an extension of time within which to file the transcript and assignment of errors to and including February 18, 1954. This verified petition stated in the first rhetorical paragraph, "This case is an appeal from a judgment of the Knox Circuit Court." Appellees filed a special appearance and motion to dismiss the appeal, in substance alleging that appellants had not obtained any order for extension of time to file transcript and assignment of errors on an appeal from any judgment of the Gibson Circuit Court, although a transcript and assignment of errors was filed with the Clerk here on the 17th day of February, 1954.

When a change of venue from one county to another is perfected and the papers and transcript are received by the Clerk of the court to which the venue of the cause is changed, that court acquires full jurisdiction of the cause, and the court of origin has no further jurisdiction in the matter. *Toledo, Wabash & Western R. W. Co.* v. *Wright* (1879), 68 Ind. 586, 600; *Hawkins* v. *State* (1890), 125 Ind. 570, 572, 25 N. E. 818; *State ex rel. Price* v. *Weir* (1936), 210 Ind. 606, 608, 4 N. E. 2d 553; *Niagara Oil Co.* v. *Jackson* (1911), 48 Ind. App. 238, 245, 246, 91 N. E. 825.

An appeal is a direct attack on a particular judgment, or appealable interlocutory order. The appeal in this case was from a judgment of the Gibson Circuit Court.

The recognized practice in seeking an extension of time within which to perfect an appeal is to plead the rendition of the particular judgment in the court in which it was entered. Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice §2478. The order granting the extension of time must be interpreted in the light of the petition upon which it was based, and the order extending time was for an appeal from a judgment of the Knox Circuit Court and not the Gibson Circuit Court. As a result of appellants' petition, the Clerk's record here shows the appeal to be one from the Knox Circuit Court. In view of that court's loss of jurisdiction by reason of the change of venue, the order had no more effect than if it had been an extension of time for an appeal from the judgment of any other circuit court of the state which never at any time had jurisdiction of the cause.

There was no extension of time granted to file the transcript and assignment of errors from a judgment of the Gibson Circuit Court. A failure to file the transcript and assignment of errors within the time limited by law or rule, or as extended by order of court, fails to give the court jurisdiction of the appeal, and the appeal should be dismissed. *Board of Tax Commissioners* v. *Stanley* (1952), 231 Ind. 338, 341, 108 N. E. 2d 624; *Stocker* v. *City of Hammond* (1938), 214 Ind. 628, 16 N. E. 2d 874; *Brady* v. *Garrison* (1912), 178 Ind. 459, 460, 99 N. E. 738; *Vail* v. *Page* (1911), 175 Ind. 126, 131, 93 N. E. 705.

Appeal dismissed.

Bobbitt and Landis, JJ., concur.

Achor and Arterburn, JJ., not participating.

NOTE.—Reported in 128 N. E. 2d 872.