INDIANA ALCOHOLIC BEVERAGE COMMISSION *v.* B & T DISTRIBUTORS, INC.

[No. 20,492. Filed July 11, 1967. Rehearing denied October 16, 1967. Transfer denied March 8, 1968.]

*John J. Dillon,* Attorney General, and *Frank M. Maley,* Deputy Attorney General, for appellant.

*William C. Burns,* and *Schultz, Ewan & Burns,* of Lafayette, and *James W. Bradford, Buck & Bradford, John G. Tinder,* Indianapolis, of counsel for appellee.

COOPER, J.—This is an attempted appeal by the Indiana Alcoholic Beverage Commission from an adverse ruling and

judgment rendered by the Superior Court of Marion County in General Term.

It appears from the record now before us, that the Alcoholic Beverage Commission denied and refused to issue to B & T Distributors a beer wholesalers permit. Thereafter, the B & T Distributors filed an "appeal petition" in the Superior Court of Marion County alleging that the permit was denied upon capricious, arbitrary or political grounds, pursuant to Burns' Indiana Statutes, Annotated, Sec. 12-445, (1956 Repl.). The record further shows that after considering and reviewing the proceedings of the Alcoholic Beverage Commission, the Superior Court of Marion County in General Term issued its mandatory injunction directing the commission to issue the said permit on the 30th day of June, 1965, and thereafter on the 1st day of July, 1965, the Appellant Alcoholic Beverage Commission filed a motion for a new trial.

This cause is now before us upon the Appellee's Motion to Dismiss this attempted appeal or review for the reason that the transcript of the record was not filed within the time provided for by Rule 2-2. The record shows the transcript of the record was filed with the Clerk of this Court on March 7, 1967, and also reveals the Appellant applied for and secured an extension of time on December 3, 1965, in which to file the transcript of the record and assignment of errors.

It is well established by law in this State that there is no appeal, in the usual sense, from a ruling, order, or decision of an administrative body, but rather, a judicial review is contemplated. We judicially know the Alcoholic Beverage Commission is an administrative agency or body. Our Supreme Court, in the case of *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 105, 26 N. E. 2d, 399, stated:

> "Strictly speaking, there is no such thing as an appeal from an administrative agency. It is correct to say that the orders of an administrative body are subject to judicial review; and that they must be so to meet the requirements of due process. Such a review is necessary to the end that there may be an adjudication by a court of competent juris-

diction that the agency has acted within the scope of its powers . . ."

See also: *State Board of Tax Commissioners, et al.,* v. *Indpls. Lodge #17, Loyal Order of Moose, Inc.* (1964), 245 Ind. 614, 625, 200 N. E. 2d, 221; *State ex rel. Harris, et al.* v. *Superior Court of Marion County, et al.* (1964), 245 Ind. 339, 356, 197 N. E. 2d, 634; *Mills; Castor* v. *City of Winchester* (1959), 130 Ind. App. 397, 400, 162 N. E. 2d, 97.

The Appellee contends that: (1) If the Superior Court's determination was appealable, the appeal had to be perfected on or before September 28, 1965, in order for the Appellant to comply with Rule 2-2; (2) the extension of time which was granted by this Court on December 14, 1965, was not within time and therefore inoperative; and (3) that the Appellant's Motion for New Trial had no standing and is surplusage.

Under Rule 2-2, and the case law applicable to such situations as now confronts us, we are compelled to agree with the Appellee. In discussing judicial reviews, our Supreme Court in the case of *The City of Plymouth, Ind.* v. *Stream Pollution Cont. Bd. of the State of Ind.* (1958), 238 Ind. 439, 445, 151 N. E. 2d 626, stated:

> "As there is no trial in the usual sense upon the judicial review, there can be no basis for asking for a new trial when a losing party is disappointed or dissatisfied with the outcome of the judicial review."

Also in the case of *Dawson, et al.* v. *Wright, Mayor of City of Anderson, et al.* (1955), 234 Ind. 626, 630, 129 N. E. 2d, 796, we note the following:

> "Since there had been no trial, the motion for new trial presents nothing for review. *Metsker* v. *Whitsell* (1914) 181 Ind. 126, 138, 103 N. E. 1078; 2 Gavit, Indiana Pl. & Pr.., p. 2081, Sec. 333. Motions to modify a judgment or in arrest of judgment or to reconsider the ruling or a motion to vacate a judgment do not extend the time for perfecting appeal. *Bachelder* v. *Parker* (1947) 118 Ind. App. 66, 74 N. E. 2d, 926; *Zimmerman* v. *Zumpfe* (1941) 218 Ind. 476, 33 N. E. 2d, 102; *City of Michigan City* v. *Williamson* (1940) 217 Ind. 598, 28 N. E. 2d, 961. The

case of *Pittsburgh, etc R. Co.* v. *Kearns* (1920) 191 Ind. 1, 128 N. E. 42, on extending time for appeal must be considered overruled.

"In *Schneidt* v. *Schneidt* (1919) 69 Ind. App. 666, 122 N. E. 588, appellant prosecuted an action to vacate a decree of divorce. A demurrer was sustained to the complaint, and judgment rendered against appellant for refusal to plead over. Appellant then filed a motion for new trial on the ground the court erred in sustaining the demurrer. The court held filing the motion for new trial did not extend the time for perfecting an appeal, and reasoned as follows:

" 'The cause never having been tried, of course there could be no new trial. The pretended motion for a new trial was an absolute nullity, and presented nothing to the trial court for its consideration. The time for taking an appeal cannot be extended in that manner. *Rooker* v. *Bruce* (1908) 171 Ind. 86, 85 N. E. 351; *Erwin School Tp.* v. *Tapp* (1890) 121 Ind. 463, 23 N. E. 505; *Goodrich* v. *Strangland* (1900), 155 Ind. 279, 58 N. E. 148; *Corwin* v. *Thomas* (1882) 83 Ind. 110; *Reed* v. *Spayde* (1877) 56 Ind. 394; *Fisk* v. *Baker* (1874) 47 Ind. 534; *City of Huntington* v. *Cast* (1900), 24 Ind. App. 501, 56 N. E. 949; *Standard Oil Co.* v. *Bowker* (1895) 141 Ind. 12, 40 N. E. 128; *Decker* v. *Mahoney* (1917) 64 Ind. App. 500, 116 N. E. 57.'

"Since the judgment in this appeal was entered without any trial, the motion for new trial presented nothing and could not extend the time for perfecting an appeal. Under Rule 2-2 the time for perfecting an appeal by filing a transcript and assignment of errors with the clerk of this court had expired before we made an order which did not authorize a belated appeal, but only assumed appellants' position on the record was correct, and granted a regular extension pursuant to the rule. Our action did not foreclose the appellees from moving to have the cause dismissed. *Lock Joint Tube Co.* v. *Citizens Trust & Savings Bank* (1941) 218 Ind. 162, 31 N. E. 2d 989. A failure to perfect an appeal from a final judgment within ninety days, or within time properly extended under Rule 2-2 fails to give this court jurisdiction of the appeal and it should be dismissed. *State Board of Tax Commissioners* v. *Stanley* (1952) 231 Ind. 338, 341, 108 N. E. 2d, 624; *Stocker* v. *City of Hammond* (1938) 214 Ind. 628, 16 N. E. 2d, 874; *Brady* v. *Garrison* (1912) 178 Ind. 459, 460, 99 N. E. 738; *Vail* v. *Page* (1911) 175 Ind. 126, 131, 93 N. E. 705."

For the foregoing reasons, we must dismiss this cause. Appeal dismissed.

Carson, P. J., Faulconer, J., and Prime, J., concur.

NOTE.—Reported in 228 N. E. 2d 35.