142 Ind. App. 418 (1968)
235 N.E.2d 79
INDIANA ALCOHOLIC BEVERAGE COMMISSION
v.
BILTZ.
No. 20,745.
Court of Appeals of Indiana.
Filed March 27, 1968.
*419 John J. Dillon, Attorney General, and Frank M. Maley, Deputy Attorney General, for appellant.
James C. Courtney, and James W. Bradford, of Indianapolis, for appellee.
No petition for rehearing filed.
COOPER, J.
This is a proceeding for a judicial review of a final order and decision of the Superior Court of Marion County in General Term, which was adverse to the Appellant, Indiana Alcoholic Beverage Commission, hereinafter designated as the A.B.C.
This matter is now before us on the Appellee's Motion to Dismiss, which said Motion is as follows:
"Appellee, Imogene Biltz, respectfully moves this Court that this appeal be dismissed and shows the following facts in support thereof:

*420 "1. Appellant has not perfected its appeal within 90 days from the day of Final Order of General Term of Marion Superior Court, contrary to Rule 2-2 of the Indiana Supreme Appellate Courts.
"2. The statute under which this matter was appealed to the General Term of the Marion Superior Court provides that the Order of the Court `shall be final' and no further appeal is authorized (Acts 1935, Chapter 226, Sec. [42] 46, Page 1056; 1937, Chapter 197, Sec. 12, Page 931; 1939 Chapter 30, Sec. 7, Page 79  Burns' Ind. Stats. Anno. 12-921.
"WHEREFORE, Appellee prays that the appeal be dismissed with prejudice, the costs of this action be assessed against the Appellant, and for all other relief proper in the premises."
It is the contention of the A.B.C. that it has perfected its appeal pursuant to Rule 2-2 of the Rules of the Supreme Court of Indiana.
In reviewing the record now before us, it appears that the Marion Superior Court in General Term rendered its final order and decision on July 1, 1966. The A.B.C. filed a motion for a new trial on July 5, 1966. On February 6, 1967, the reviewing court overruled the A.B.C.'s motion for a new trial.
Thereafter, on April 27, 1967, the A.B.C. filed a petition for an extension of time in which to file its transcript of the record and assignment of errors. This petition was granted and the time was extended to and including June 1, 1967, in which to file said record and assignment of errors. Subsequently, the A.B.C. filed two additional petitions for extensions of time both of which were granted, and the last order which was granted extended the time to and including August 30, 1967, in which to file the transcript of the record and the assignment of errors. The transcript and assignment of errors were filed with the Clerk of this court on August 30, 1967.
Historically, there was no right of appeal from a ministerial act of an administrative board unless such right was specifically given by the statute. See Cushman v. Hussey (1918), *421 187 Ind. 228, 118 N.E. 816; State Board of Health, etc. v. Ort, Township Trustee (1926), 84 Ind. App. 260, 151 N.E. 31.
It was further held that the right of appeal from administrative boards applied only to decisions involving the exercise of judicial power. See Financial Aid Corp. v. Wallace, Dir. of the Dept. of Financial Inst. et al. (1939), 216 Ind. 114, 23 N.E.2d 472; 125 A.L.R. 736; Board of Commissioners of Dearborn County v. Droege, et al. (1946), 224 Ind. 446, 68 N.E.2d 650; Hall et al. v. Kincaid et al. (1917), 64 Ind. App. 103, 115 N.E. 361.
It was previously held that where the special statutes regulating procedure before administrative boards failed to provide for appellate review of the findings of the Court which reviewed the orders of the administrative board, such appellate review could not be taken. See Cincinnati I. & W.R. Co. et al. v. Board of Public Works of the City of Indianapolis, et al., 187 Ind. 235, 118 N.E. 957; Luten v. Schmidt, et al. (1928), 88 Ind. App. 134, 163 N.E. 536; Stockton et al. v. Yeoman et al. (1912), 179 Ind. 61, 100 N.E. 2; Hughes, et al. v. Parker et al. (1897), 148 Ind. 692, 48 N.E. 243; Randolph v. City of Indianapolis et al. (1909), 172 Ind. 510, 88 N.E. 949; Brown, et al. v. Porter (1871), 37 Ind. 206.
The rule as set out in the foregoing cases is no longer valid since the holding of our Supreme Court in the case of Warren v. Indiana Telephone Co. In that case, the Supreme Court stated that even when the legislature has not provided for an appeal to the Supreme Court, such right exists under constitutional authority. See Warren v. Indiana Telephone Company (1940), 217 Ind. 93, 26 N.E.2d 399; Joseph E. Seagram and Sons, Inc. v. Board of Commissioners of Lawrenceburg Flood Control District (1943), 220 Ind. 604, 45 N.E.2d 491; Public Service Commission of Indiana et al., Indianapolis Water Co. v. City of Indianapolis (1956), 235 Ind. 70, 83, 131 N.E.2d 308.
*422 The same rule applies in those instances in which the statute prohibits an appeal or declares that the judgment of the nisi prius court is to be final. Therefore, we are of the opinion that the provision in Sec. 12-921, Burns' Indiana Statutes annotated that the order of the Court (in this case, the Marion Superior Court in General Term) shall be final, is ineffective. See also the 1965 amendments of Sec. 12-921, Burns' Indiana Statutes, pertaining to the lower courts having jurisdiction of reviews.
We believe that the law is well established that there is no statutory provision for an appellate review of the findings, orders, or decisions arising out of a trial court's review of the orders or decisions of administrative boards, or appeals in the usual sense. However, we find such authority under the due process clause of our constitution and its interpretation by our Supreme Court in the cases of Warren v. Indiana Telephone Company, supra, and Joseph E. Seagram and Sons, Inc. v. Board of Commissioners, supra.
In the Warren case, supra, at page 105, our Supreme Court stated:
"Strictly speaking, there is no such thing as an appeal from an administrative agency. It is correct to say that the orders of an administrative body are subject to judicial review, and that must be so to meet the requirements of due process. Such a review is necessary to the end that there may be an adjudication by a court of competent jurisdiction that the agency has acted within the scope of its power ..." See also: State Board of Tax Commissioners, et al. v. Indpls. Lodge No. 17, Loyal Order of Moose, Inc. (1964), 245 Ind. 614, 625, 200 N.E.2d 221; State ex rel. Harris, et al. v. Superior Court of Marion County, et al. (1964), 245 Ind. 339, 356, 197 N.E.2d 634; Mills; Castor v. City of Winchester (1959), 130 Ind. App. 397, 400, 162 N.E.2d 97.
We judicially know that the A.B.C. is an administrative agency or body. Our Supreme Court in the case of State, ex rel. Pollard and Burton D/B/A, etc. v. Superior Court of *423 Marion County, Room 3, Brennan, Judge (1954), 233 Ind. 667, 122 N.E.2d 612, at page 617, in speaking of the A.B.C. states:

"The commission is an administrative board, and on appeal, the trial court cannot try the matter de novo" (our emphasis).
We have reviewed the Alcoholic Beverage Commission Act and fail to find wherein there is any provision providing for a trial de novo in the Marion Circuit or Superior Courts, and we are of the opinion that none is contemplated. We think the law is clear that in the case of a denial, or revocation of a permit or license, the procedure outlined in the Alcoholic Beverage Commission Act must be followed in order to secure a judicial review by a court of the action and ruling of said board, after the final hearing and determination before the administrative body, and such a judicial review is not a trial in the usual sense.
Since the ruling or decision of the Superior Court of Marion County in reviewing the proceedings of the A.B.C. was entered without a trial, we are of the opinion that the motion for new trial presented nothing and could not have extended the Appellant's time in which to perfect an appeal to our court for a review of the proceedings below. Under Rule 2-2 of the Rules of the Supreme Court, the time for perfecting the appeal by filing the transcript and assignment of errors with the Clerk of this Court, had expired before the first petition for extension of time had been granted by order of this court. Our Supreme Court has held in many cases that the failure to perfect an appeal from the final decision or judgment within 90 days, or within time properly extended pursuant to Rule 2-2, fails to give an appellate court jurisdiction of the appeal and it should be dismissed. State Board of Tax Commissioners, et al. v. Stanley, et al., etc. (1952), 231 Ind. 338, 341, 108 N.E.2d 624; Stocker v. City of Hammond (1938), 214 Ind. 628, *424 16 N.E.2d 874; Brady et al. v. Garrison et al. (1912), 178 Ind. 459, 460, 99 N.E. 738; Vail v. Page (1911), 175 Ind. 126, 131, 93 N.E. 705.
By reason of what we have heretofore stated, we do not believe there is any merit in the Appellee's second paragraph of her Motion to Dismiss. It is our opinion that we correctly stated the law applicable in the recent case of Indiana Alcoholic Beverage Commission v. B & T Distributors, Inc. (1967), 141 Ind. App. 343, 228 N.E.2d 35, wherein this Court stated:
"Under Rule 2-2, and the case law applicable to such situations as now confronts us, we are compelled to agree with the appellee. In discussing judicial reviews, our Supreme Court in the case of The City of Plymouth, Ind. v. Stream Pollution Cont. Bd. of the State of Ind. (1958), 238 Ind. 439, 445, 151 N.E.2d 626, stated:
`As there is no trial in the usual sense upon the judicial review, there can be no basis for asking for a new trial when a losing party is disappointed or dissatisfied with the outcome of the judicial review.'
"Also in the case of Dawson, et al. v. Wright, Mayor of City of Anderson, et al. (1955), 234 Ind. 626, 630, 129 N.E.2d 796, we note the following:
`Since there had been no trial, the motion for new trial presents nothing for review. Metsker v. Whitsell (1914), 181 Ind. 126, 138, 103 N.E. 1078; 2 Gavit, Indiana Pl. & Pr., p. 2081, Sec. 333. Motions to modify a judgment or in arrest of judgment or to reconsider the ruling or a motion to vacate a judgment do not extend the time for perfecting appeal. Bachelder v. Parker (1947), 118 Ind. App. 66, 74 N.E.2d 926; Zimmerman v. Zumpfe (1941), 218 Ind. 476, 33 N.E.2d 102; City of Michigan City v. Williamson (1940), 217 Ind. 598, 28 N.E.2d 961. The case of Pittsburgh, etc. R. Co. v. Kearns (1920), 191 Ind. 1, 128 N.E. 42, on extending time for appeal, must be considered overruled.
`In Schneidt v. Schneidt (1919), 69 Ind. App. 666, 122 N.E. 588, appellant prosecuted an action to vacate a decree of divorce. A demurrer was sustained to the complaint, and judgment rendered against appellant for refusal to plead over. Appellant then filed a motion for *425 new trial on the ground the court erred in sustaining the demurrer. The court held filing the motion for new trial did not extend the time for perfecting an appeal, and reasoned as follows:
"`"The cause never having been tried, of course there could be no new trial. The pretended motion for a new trial was an absolute nullity, and presented nothing to the trial court for its consideration. The time for taking an appeal cannot be extended in that manner. Rooker v. Bruce (1908), 171 Ind. 86, 85 N.E. 351; Goodrich v. Strangland (1900), 155 Ind. 279, 58 N.E. 148; Erwin School Tp. v. Tapp (1890), 121 Ind. 463, 23 N.E. 505; Corwin v. Thomas (1882), 83 Ind. 110; Reed v. Spayde (1877), 56 Ind. 394; Fisk v. Baker (1874), 47 Ind. 534; City of Huntington v. Cast (1900), 24 Ind. App. 501, 56 N.E. 949; Standard Oil Co. v. Bowker (1895), 141 Ind. 12, 40 N.E. 128; Decker v. Mahoney (1917), 64 Ind. App. 500, 116 N.E. 57." 69 Ind. App. at Page 667, 122 N.E. at Page 589.
`Since the judgment in this appeal was entered without any trial, the motion for new trial presented nothing and could not extend the time for perfecting an appeal. Under Rule 2-2 the time for perfecting the appeal by filing a transcript and assignment of errors with the clerk of this court had expired before we made an order which did not authorize a belated appeal, but only assumed appellants' position on the record was correct, and granted a regular extension pursuant to the rule. Our action did not foreclose the appellees from moving to have the cause dismissed. Lock Joint Tube Co. v. Citizens Trust & Savings Bank (1941), 218 Ind. 162, 31 N.E.2d 989. A failure to perfect an appeal from a final judgment within ninety days, or within time properly extended under Rule 2-2, fails to give this court jurisdiction of the appeal and it should be dismissed. State Board of Tax Commissioners v. Stanley (1952), 231 Ind. 338, 341, 108 N.E.2d 624; Stocker v. City of Hammond (1938), 214 Ind. 628, 16 N.E.2d 874; Brady v. Garrison (1912), 178 Ind. 459, 460, 99 N.E. 738; Vail v. Page (1911), 175 Ind. 126, 131, 93 N.E. 705.'"
By reason of all of the above and foregoing, we must sustain the Appellee's Motion to Dismiss and dismiss this cause.
Appeal dismissed.
*426 Carson, C.J., Cook, P.J., Faulconer, Prime, Bierly, Pfaff and Smith, JJ., concur.
NOTE.  Reported in 235 N.E.2d 79.